MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff,
SCOTT AND ADDISON, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PINKBLUSH.COM, an unknown entity, | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

**Civil Case No. 8:20-cv-1160**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

\\
\\
\\
\\

Plaintiff SCOTT AND ADDISON, LLC, by and through its counsel, alleges for its complaint against defendant PINKBLUSH.COM as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and common law, and state and common law unfair competition.

## THE PARTIES

2. Plaintiff Scott and Addison, LLC ("S&A") is a California limited liability company with offices in Irvine, California.

3. On information and belief, defendant PinkBlush.com is an unknown entity.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

5. On information and belief, this Court has personal jurisdiction over defendant because it has transacted business in the state of California. For example, defendant's website PinkBlush.com is an interactive website that advertises, transacts sales and provides a toll-free number to the general public, including consumers in this District. Also on information and belief, defendant has contracted with Google and other entities in the Central District of California for keyword advertising and/or Internet hosting services.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for trademark infringement, false designation of origin and unfair

competition occurred in this district and defendant has significant contacts with the district.  For example, defendant offers its infringing goods and services through its PinkBlush.com website.  Further, on information and belief, defendant's customers that purchase defendant's infringing goods and services are located within the Central District of California.

## FACTS

### Plaintiff's Business

7.     Plaintiff is engaged in the business of offering various goods and services including, without limitation, operating an online retail store and selling clothing (hereinafter "Plaintiff's Goods and Services.").

8.     Plaintiff is, by assignment, the owner of the trademark and designation PINKBLUSH used in conjunction with maternity and women's clothing and online retail store goods and services.  Plaintiff's PINKBLUSH trademark is the subject of U.S. Trademark Registration Nos. 4,349,787 and 4,608,916.  True and correct copies of plaintiff's registrations are attached hereto as Exhibit A.

9.     Plaintiff has promoted and sold Plaintiff's Goods and Services with the trademark, trade name and designation PINKBLUSH.  Plaintiff first used its PINKBLUSH trademark in interstate commerce on and in connection with plaintiff's goods and services at least as early as April 1, 2012 and has used plaintiff's PINKBLUSH trademark on and in connection with Plaintiff's Goods and Services continuously since its first use.

10.     Plaintiff has promoted Plaintiff's Goods and Services featuring plaintiff's PINKBLUSH trademark online at the website PinkBlushMaternity.com.  True and correct copies of photos showing plaintiff's use of the PINKBLUSH mark are attached hereto as Exhibit B.

11.     Plaintiff's PINKBLUSH trademark is unique and inherently

distinctive and, as such, designates a single source of origin.  As a result of Plaintiff's continuous use of its PINKBLUSH mark, Plaintiff has acquired substantial goodwill in and to its PINKBLUSH trademark.

12.    Plaintiff has invested significantly to extensively advertise and promote Plaintiff's Goods and Services featuring plaintiff's PINKBLUSH trademark throughout the United States including, without limitation, online advertising through the website YouTube.com and social media websites.  As a result of plaintiff's extensive and exclusive use, plaintiff's PINKBLUSH trademark has developed significant goodwill in the market and represents a valuable asset of plaintiff.

### Defendant's Wrongful Conduct

13.    Defendant PinkBlush.com is an unknown entity operating a website at the domain name PinkBlush.com.

14.    On information and belief, defendant PinkBlush.com first offered its online retail website under the trademark PINKBLUSH in March 2018 (the "Infringing PINK BLUSH Trademark").  PinkBlush.com sells, *inter alia*, birth announcements and nursery décor.  Thus, PinkBlush.com offers goods and services related to Plaintiff's Goods and Services under a confusingly similar, if not identical trademark.  True and correct copies of photos showing PinkBlush.com's uses of the Infringing PINK BLUSH mark are attached hereto as Exhibit C.

15.    On or around February 20, 2020, counsel for S&A served PinkBlush.com with written notice of the PINKBLUSH® trademark and registrations.  S&A further demanded PinkBlush.com cease use of the confusingly similar Infringing PINK BLUSH Trademark.

16.     Despite S&A's explicit notice, PinkBlush.com willfully continued to use the Infringing PINK BLUSH trademark and profited from the infringement by

misdirecting viewers, consumers and ad revenue to its business and away from plaintiff's business.

17.    Defendant's use of the Infringing PINK BLUSH Trademark is likely to cause confusion among consumers who expect to conduct business with plaintiff and instead reach defendant.

18.    Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from defendant PinkBlush.com's unlawful and willful acts.  Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued infringement of plaintiff's PINKBLUSH trademark and source designation.

## CLAIMS OF RELIEF

## FIRST CLAIM OF RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

19.    Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 18 of the complaint as though fully set forth herein.

20.    Defendant's use of the Infringing PINK BLUSH Trademark has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Plaintiff's Goods and Services. Examples of actual confusion caused by PinkBlush.com are attached hereto as Exhibit D.

21.    By reason of the foregoing and upon information and belief, defendant PinkBlush.com has violated the Lanham Act (15 U.S.C. § 1114) by using, in connection with its goods and advertisements, trademarks which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and/or advertisements.

22.     By reason of the foregoing and upon information and belief, defendant's acts constitute direct, indirect, contributory and vicarious trademark infringement.

23.     By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

24.     On information and belief, Defendant PinkBlush.com willfully and intentionally adopted and used marks confusingly similar to Plaintiff's trademarks to steal plaintiff's goodwill.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. § 1125(a))

25.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 24 of the complaint as though fully set forth herein.

26.     On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's PINKBLUSH trademark and designation to steal plaintiff's goodwill.

27.     Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

28.     By reason of the foregoing and upon information and belief, defendant PinkBlush.com has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and commercial activities.

29.     By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

### THIRD CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

30.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 29 of the complaint as though fully set forth herein.

31.     On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's PINKBLUSH trademark and designation to steal plaintiff's goodwill.

32.     Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

33.     By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by unfairly competing with plaintiff by using in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods and commercial activities.

34.     By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## FOURTH CLAIM FOR RELIEF

### (State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200)

35.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 34 of the complaint as though fully set forth herein.

36.     Defendant's acts, as set forth above constitute unfair competition as defined in California Business and Professions Code § 17200, et seq., all to the damage of plaintiff as previously alleged.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

37.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 36 the complaint as though fully set forth herein.

38.     Defendant's acts, as set forth above, constitute trademark infringement as defined under California common law, all to the damage of plaintiff as previously alleged.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

39.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 38 the complaint as though fully set forth herein.

40.     Defendant's acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of plaintiff as previously alleged.

\\
\\
\\
\\
\\

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A.      Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

      i.      infringing Plaintiff's PINKBLUSH trademark;

     ii.      using, advertising, marketing or selling goods and/or services marked with the Infringing PINK BLUSH Trademark;

   iii.      competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights;

    iv.      Using the domain name pinkblush.com for any purpose; and,

     v.      conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iv) above.

B.      Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

C.      Plaintiff recovers all damages it has sustained as a result of defendant's trademark infringement, false designation of origin and unfair competition.

D.      Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E.      An accounting be directed to determine defendant's profits resulting from their infringement, false designation of origin and unfair competition and that the profits be paid over to plaintiff, increased as the Court

determines is appropriate to the circumstances of this case.

F.      Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G.      Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H.      Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I.      Plaintiff be awarded enhanced damages pursuant to, *inter alia*, California common law, Bus. and Prof. Code § 14250, and any other relevant statute.

J.      Plaintiff receives all other relief the Court deems appropriate.


Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: June 30, 2020


_____/s/ Ben T. Lila_____
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Scott and Addison, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: June 30, 2020

_____/s/ Ben T. Lila_____

Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
SCOTT AND ADDISON, LLC

**EXHIBIT A**

EXHIBIT A



# PinkBlush

**Reg. No. 4,349,787**

**Registered June 11, 2013**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

BRAD AND ZOE INC. (CALIFORNIA CORPORATION)
SUITE 320
25 MAUCHLY
IRVINE, CA 92618

FOR: MATERNITY CLOTHING, NAMELY, SHIRTS, PANTS, AND DRESSES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-13-2011; IN COMMERCE 4-1-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-752,550, FILED 10-12-2012.

WILLIAM P. SHANAHAN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# PinkBlush

**Reg. No. 4,608,916**

**Registered Sep. 23, 2014**

**Int. Cls.: 25 and 35**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BRAD AND ZOE INC. (CALIFORNIA CORPORATION)
3 MASON, SUITE 100
IRVINE, CA 92618

FOR: CLOTHING, NAMELY, SHIRTS, BLOUSES, TOPS, JACKETS, DRESSES, SKIRTS, PANTS, JEANS, SCARVES, AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-2012; IN COMMERCE 9-1-2012.

FOR: ON-LINE RETAIL STORE SERVICES FEATURING HANDBAGS, PURSES, AND JEWELRY, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-1-2012; IN COMMERCE 9-1-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 4,349,787.

SER. NO. 86-175,641, FILED 1-27-2014.

ERIN FALK, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

EXHIBIT A

**EXHIBIT B**

EXHIBIT B



**EXHIBIT C**

EXHIBIT C



EXHIBIT C



EXHIBIT C

**EXHIBIT D**

EXHIBIT D



☰                           the **BUMP**                              **LOG IN**

flatter curvy moms-to-be. The only question now is how to whittle down your pregnancy wardrobe wish list.

Photo: Courtesy Pink Blush

## 1. PinkBlush

For on-trend plus-size maternity clothes at bargain prices, head to PinkBlush.com. Jeans, tees, leggings, maxi dresses, kimonos, cold-shoulder tops—virtually all of your plus-size maternity fashion bases are covered, from size 16 to 26. There's even a stunning selection of fancy-pants dresses and some bump-loving bathings suits too. The best part? All of the above have a boutique-y quality that in no way reflects the low price. Tops start at $19, dresses at $27 and jeggings at $52. Even the wedding-guest worthy dresses start at just $39. (The Lace Mesh Overlay Maxi Dress for $95 is a total 5-star fave.) While it's a bit of a bummer that you can't walk into an actual PinkBlush store to try on and buy clothes, the site offers free shipping after you rack up $150 in clothes. (Challenge accepted!)

**Bonus:** Dovetailing the boutique-y feel, PinkBlush offers virtual stylists who can help you curate the perfect plus-size pregnancy wardrobe.

**Start shopping:** PinkBlushMaternity.com

EXHIBIT D



AUGUST 20, 2019

 (http://fortheloveofmila.com/wp-content/uploads/2019/08/IMG_0259-2.jpg)

PinkBlush.com + Giveaway = #MomStyle on ForTheLoveOfMila.com #FTLOM

EXHIBIT D