MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Plaintiff,
SCOTT AND ADDISON, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>　　　　　　　Defendant. | Case No. 8:20-cv-01160-JLS-DFM<br><br>**PLAINTIFF SCOTT AND ADDISON, LLC'S NOTICE OF MOTION AND MOTION FOR SERVICE VIA EMAIL AND FOR LEAVE TO TAKE IMMEDIATE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date: January 8, 2021<br>Time: 10:30 am<br>Courtroom: 10A<br>Judge: Honorable Josephine L. Staton |

　　TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS:

PLEASE TAKE NOTICE that on January 8, 2021, at 10:30 am, or as soon thereafter as this matter may be heard, in Courtroom 10A of United States

Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, Courtroom 10A, 10th Floor, Plaintiff Scott and Addison, LLC ("Plaintiff") will and hereby does move this Court for issuance of an order, pursuant to Federal Rules of Civil Procedure, Rules 4(f)(3) and 4(e)(1), to allow email service of the summons and complaint in this matter upon defendant PinkBlush.com ("Defendant"), and for leave to take immediate discovery prior to a Rule 26(f) conference.

     Despite investigative efforts, Plaintiff has been unable to effectuate personal service of the summons and complaint on Defendant. Defendant's only means of contact is an email address posted on a website that does not identify its principal(s) or its physical located. Service via email and leave for early discovery is warranted because Defendant will continue to evade service while hidden behind its web address. Service via email is further warranted to eliminate claims Defendant might assert as to the adequacy of notice of the pending lawsuit.

     This motion is made pursuant to the Court's inherent equitable power to authorize alternate means of service as provided by Federal Rules of Civil Procedure, Rules 4(f)(3) and 4(e)(1) as applicable. This motion is based upon this notice, the memorandum of points and authorities set forth below, the declaration filed in support and exhibits attached thereto, the complaint and any other papers and records on file in this action, and upon such additional evidence and arguments as may be presented at or before the hearing of this motion.

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Date: <u>August 5, 2020</u>

      /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
SCOTT AND ADDISON, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Scott and Addison, LLC ("Plaintiff") brought this action against defendant PinkBlush.com ("Defendant") for trademark infringement, unfair competition and false advertisement.  Defendant operates an interactive website that advertises, transacts sales and provides a toll-free number to the general public, including consumers in this district.  Apart from its email address and toll-free number, Defendant does not provide any identifying information regarding its owner, operator or physical location on its website.

Plaintiff requests an order allowing service of process on Defendant via email pursuant to Fed. R. Civ. P. 4(f)(3).  Email service is warranted in this case because Defendant relies exclusively on electronic communications to operate its business online in order to conceal its location and avoid liability for its infringing conduct.

Plaintiff also seek permission, under Fed. R. Civ. P. 26(d), to conduct limited third-party discovery that would allow Plaintiff to obtain information regarding Defendant's location from Defendant's webhost and domain name provider to facilitate the prosecution of its claims.

Unless granted the relief sought by the instant motion, Plaintiff will be precluded from protecting its registered trademarks while Defendant continues its infringing conduct without consequence.

## II.   STATEMENT OF FACTS

### A. Defendant's Infringement Within This District.

Plaintiff owns the trademark and designation PINKBLUSH used in conjunction with maternity and women's clothing and online retail store goods and services.  Plaintiff's PINKBLUSH trademark is the subject of U.S. Trademark

Registration Nos. 4,349,787 and 4,608,916.  Plaintiff promotes its goods and services featuring the PINKBLUSH trademark online at the website PinkBlushMaternity.com.  Plaintiff has used its PINKBLUSH trademark continuously since 2012.  Complaint, ¶¶ 8-10.

Defendant began its online retail website under the trademark PINKBLUSH in March 2018.  Defendants sells, *inter alia*, birth announcements and nursery décor that are similar to or related to Plaintiff's goods and services.  Defendant's products are sold via a website whose name fully incorporates Plaintiff's trademark.  As an exclusively online merchant, Defendant's products are by definition offered for sale within this judicial district.  Complaint, ¶¶ 13-14.

**B. Defendant's Refusal to Identify Itself.**

On February 20, 2020, counsel for Plaintiff served Defendant with written notice of the PINKBLUSH® trademark and registrations.  Plaintiff further demanded that Defendant cease use of the infringing PINK BLUSH mark.  Complaint, ¶ 15; Declaration of Ben T. Lila ("Lila Decl."), ¶ 3, Exhibit 1.

On March 9, 2020, Philip Nicolosi, Esq., an attorney purporting to represent Defendant's "operator," contacted Plaintiff's counsel to dispute Plaintiff's contentions.  Mr. Nicolosi did not identify Defendant's "operator" or provide its physical address.  Lila Decl.,¶ 4, Exhibit 2.  Plaintiff's counsel requested that Mr. Nicolosi accept service of the complaint herein on behalf of Defendant, but Mr. Nicolosi did not reply to this request.  Lila Decl.,¶ 5.

Plaintiff 's investigation has disclosed that Defendant's infringing website is hosted by Shopify, Inc. ("Shopify").  Plaintiff also ascertained that Defendant's domain name provider is Tucows, Inc. ("Tucows").  Lila Decl.,¶ 6.  Shopify and Tucows are both headquartered in Ontario, Canada.

\\
\\
\\

### III. ARGUMENT

**A. The Court May Authorize Service via Electronic Mail Pursuant to Federal Rule of Civil Procedure 4.**

Controlling law provides: "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (authorizing service via email) citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In *Rio Props,* the Ninth Circuit reasoned: "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id*. It went on to endorse service by email, holding that a defendant "can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." *Id*. (citations omitted).

Alternative service via email is appropriate under. Fed. R. Civ. P. 4(e)(1). California state law provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Code. Civ. P. § 413.30.

Even if Defendant is located abroad, a number of courts have held that alternate forms of service pursuant to Rule 4(f), including email service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Popular Enterprises LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (allowing email service) *citing Rio Props.*, 284 F.3d at 1018; *see also* Noco Co. v. Shenzhen Anband Tech., 2018 U.S. Dist. LEXIS 44545, **6-7 (N.D. Ohio Mar. 18, 2018) (authorizing email service and via Amazon's Message Center); *Williams-Sonoma,*

*Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299, **4-7 (N.D. Cal. April 17, 2007) (allowing email service); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, ** 5-7 (S.D.N.Y. March 13, 2007) (confirming email service); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 488 (N.D. West Va. 2005) (allowing email service); M*PS IP Services, Corp. v. Modis Communications, Inc.*, 2006 U.S. Dist. LEXIS 34473, **1-4 (M.D. Fla. May 30, 2006) (allowing the plaintiffs to effect service on Canadian citizen via email, facsimile and regular mail); *Chloe Sas v. Sawabeh Info. Servs. Co.*, 2011 U.S. Dist. LEXIS 161041 at **23-26 (C.D. Cal. May 17, 2011) (service by email); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, **4-10 (N.D. Cal. March 27, 2012) (same); *Chanel, Inc. v. Curry*, 2015 U.S. Dist. LEXIS 179689 at **14-15 (S.D. Fla. April 16, 2015) (service by email/online contact form and website); *Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance Co.*, 2018 U.S. Dist. LEXIS 87968, * *1-2 (S.D. Cal. May 24, 2018) (by email and website publication).

  As shown above, the traditional means of service of process are impracticable in this case because there is no ascertainable physical address for Defendant.  Further, Defendant's counsel Mr. Nicolosi is actively shielding Defendant by refusing to identify its principal(s), provide its physical address, or accept service on its behalf.  Defendant is engaged in unlawful internet-based commercial activities and relies entirely on email communications to conduct business. Service via email is the best legal method for providing Defendant with actual notice of the instant lawsuit and the claims alleged against it in the complaint herein, and comports with constitutional considerations of due process. If permitted, Plaintiff will provide service of process to Defendant and Mr. Nicolosi at their known email addresses: "orders@pinkblush.com" and "phil@philnicolosilaw.com," respectively.  Plaintiff will also effect personal service on Mr. Nicolosi at his business address.

### B. Plaintiff Demonstrates Good Cause for Permitting Limited Early Discovery Prior To A Conference Pursuant to Fed. R. Civ. P. 26(f).

Under Fed. R. Civ. P. 26(d), the court may modify the ordinary sequence of discovery requiring that a discovery conference be conducted pursuant to Fed. R. Civ. P. 26(f). As set forth above, Defendant's exclusively online operations are conducted anonymously. Plaintiff requests it be permitted to conduct limited discovery via subpoenas to third parties — namely Shopify and Tucows. Plaintiff is confident that Defendant's webhost and domain provider will be able to provide sufficient information regarding Defendant's location to enable Plaintiff to effect personal service in the event service by email is challenged by Defendant.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion to effect service of process upon Defendant by email, and allow limited third-party discovery, namely the issuance of third party subpoenas, prior to the timing specified in Fed. R. Civ. P. 26(f).

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Date: <u>August 5, 2020</u>

　　　　/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
SCOTT AND ADDISON, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I emailed the foregoing document to the following:

Defendant PinkBlush.com
Email: orders@pinkblush.com

Philip A. Nicolosi
Phil Nicolosi Law, P.C.
6735 Vistagreen Way, Suite 210
Rockford, IL 61107
Email: phil@philnicolosilaw.com

Dated: August 5, 2020

                              /s/ Ben T. Lila
                              Ben T. Lila (SBN 246808)
                              Email: blila@mandourlaw.com