1  MANDOUR & ASSOCIATES, APC
2  JOSEPH A. MANDOUR, III (SBN 188896)
   Email: jmandour@mandourlaw.com
3  BEN T. LILA (SBN 246808)
4  Email: blila@mandourlaw.com
   8605 Santa Monica Blvd., Suite 1500
5  Los Angeles, CA 90069
6  Telephone: (858) 487-9300
   Attorneys for Plaintiff
7  SCOTT AND ADDISON, LLC

8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10

11

12

13  SCOTT AND ADDISON, LLC,           )   **Case No. 8:20-cv-01160-JLS-DFM**
14  a California limited liability    )
    company,                         )   **DECLARATION OF BEN T. LILA**
15                                    )   **IN SUPPORT OF MOTION FOR**
                                      )   **SERVICE VIA EMAIL AND FOR**
16              Plaintiff,            )   **LEAVE TO TAKE IMMEDIATE**
17                                    )   **DISCOVERY PRIOR TO RULE**
              v.                      )   **26(f) CONFERENCE**
18                                    )
19  PINKBLUSH.COM, an                 )
    unknown entity,                   )   **Hearing:**
20                                    )   Date: January 8, 2021
                                      )   Time: 10:30 am
21              Defendant.            )   Courtroom: 10A
                                      )   Judge: Honorable Josephine L. Staton
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )

26  \\

27  \\

28  \\

I, Ben T. Lila, declare as follows:

1.      I am counsel of record for Scott and Addison, LLC, plaintiff in the above captioned matter ("Plaintiff").  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto competently and under oath.

2.      Prior to filing the complaint in this action, I made significant efforts to identify and locate Defendant PinkBlush.com ("Defendant"), which operates a website that provides no contact information and does not identify Defendant's principal(s) or physical address.

3.      On February 20, 2020, I served Defendant with written notice of Plaintiff's PINKBLUSH® trademark and registrations and demanded that that Defendant cease use of the infringing PINK BLUSH mark on its website.  A true and correct copy of my correspondence is attached hereto as Exhibit 1.

4.      On March 9, 2020, Philip Nicolosi, Esq., an attorney purporting to represent Defendant's "operator," wrote to me to dispute Plaintiff's contentions.  Mr. Nicolosi did not identify Defendant's "operator" or its physical address.  A true and correct Mr. Nicolosi's correspondence is attached hereto as Exhibit 2.

5.      I requested that Mr. Nicolosi waiver service of the summons herein on behalf of Defendant, but Mr. Nicolosi did not reply to my request.

6.      Defendant's infringing website is hosted by Shopify, Inc., and its domain name provider is Tucows, Inc., both of which are headquartered in Ontario, Canada.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: <u>August 5, 2020</u>

_____/s/ Ben T. Lila_____
Ben T. Lila

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date, I emailed the foregoing document to the following:

Defendant PinkBlush.com
Email: orders@pinkblush.com

Philip A. Nicolosi
Phil Nicolosi Law, P.C.
6735 Vistagreen Way, Suite 210
Rockford, IL 61107
phil@philnicolosilaw.com

Dated: <u>August 5, 2020</u>

<u>        /s/ Ben T. Lila        </u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com

**EXHIBIT 1**

EXHIBIT 1



LAW OFFICES OF
# MANDOUR & ASSOCIATES
### INTELLECTUAL PROPERTY LAW

BEN T. LILA
BLILA@MANDOURLAW.COM

16870 WEST BERNARDO DRIVE, SUITE 400
SAN DIEGO, CALIFORNIA 92127
TEL: (858) 467-9300
WWW.MANDOURLAW.COM

February 20, 2020

PinkBlush.com
c/o Contact Privacy Inc. Customer 0110407436
96 Mowat Avenue
Toronto, ON M6K 3M1
CANADA
Telephone: (888) 752-5874
Email: compliance@PinkBlush.com; pinkblush.com@contactprivacy.com

      **Re:**    **Unauthorized use of the PINKBLUSH® Trademark**
             Our File No.: Scott and Addison/8291.02-001

Dear Sir or Madam:

We represent Scott and Addison, LLC, owner of the trademark PINKBLUSH, U.S. Trademark Registration Nos. 4,608,916 and 4,349,787. Scott and Addison, LLC has used the PINKBLUSH® trademark continuously in interstate commerce on a variety of goods and services including, but not limited to, clothing since 2012.

We have been asked to contact you regarding your adoption of the trademark PINKBLUSH and PINKBLUSH.COM. We are concerned that your use of PINKBLUSH is likely to cause confusion with PINKBLUSH® in violation of trademark and other unfair competition laws including, but not limited to, the Lanham Act (15 U.S.C. § 1051, *et seq.*). Your use of PINKBLUSH is likely to lead the public to believe that your products and services are licensed by, sponsored by, or otherwise affiliated with Scott and Addison, LLC, which is not the case.

As you may know, our client has a legal duty to police any confusingly similar uses of its trademarks. For the foregoing reasons, we demand that you immediately cease and desist from any further use of PINKBLUSH and similar trademarks. Since you have no legitimate interest in the PinkBlush.com domain name, we further demand you arrange for transfer to our client.

© 2008 Mandour & Associates, APC

                                                           EXHIBIT 1

PinkBlush.com
February 20, 2020
Page 2

Given the similarity of the trademarks, and the importance of this brand to our client, we view this situation as very serious.  Should you not immediately address our client's concerns, we will pursue all available remedies.  Please contact me in writing by **March 2, 2020** to confirm that you will comply with the above.

The demands asserted in this letter are with full reservation of all rights and remedies that our client may possess including, but not limited to, past and continuing profits, actual damages, treble damages, attorneys' fees, claims of dilution and the right to injunction.


Respectfully,

Ben T. Lila, Esq.
Mandour & Associates, APC

cc: Scott and Addison, LLC

© 2008 Mandour & Associates, APC

EXHIBIT 1

**EXHIBIT 2**

EXHIBIT 2



PHIL
**N**ICOLOSI LAW, P.C.

815-314-0022
phil@philnicolosilaw.com
www.philnicolosilaw.com

6735 Vistagreen Way
Suite 210
Rockford, IL 61107

March 9th, 2020

Ben T. Lila
Mandour & Associates
16870 West Bernardo Drive, Suite 400
San Diego, California 92127

RE: Your File No.: Scott and Addison/8291.02-001

*Sent Via U.S Mail & Email Correspondence (blila@mandourlaw.com)*

Mr. Lila:

I represent the operator of pinkblush.com. First, please direct all future communications regarding this matter to my attention.

My client denies any infringement by the use of the website pinkblush.com to sell wholly unrelated goods. As a practical matter, the website pinkblush.com was registered in 2004, far before your client's mark *PinkBlush* was registered with the USPTO. Thus, there was no bad faith registration of the domain and no legitimate legal basis to compel the transfer of the domain to your client. You have not provided any relevant UDRP decisions that would support your position that a domain name registered far before an identical or confusingly similar trademark is registered with the USPTO meets the required standard of bad faith.

Your client's claim can be reduced to whether the average potential customer would be confused as to the source of the goods offered. There are numerous "Pink Blush" marks in use right now in commerce in connection with a variety of other goods and services. In fact, there are 4 registrations of this mark or a variation thereof other than your client's trademark registrations with the USPTO, as follows:

• PINK BLUSH (Make-up studio).

• PINK BLUSH (Processed cherries).

• BLUSH PINK (Live plants).

• BLUSH PINK DIAMONDS (Precious metals and their alloys and goods in precious metals or coated therewith).

Clearly, there are multiple different permissible uses of the mark *Pink Blush* and variations of the same in interstate commerce due to the dissimilar nature of the goods and/or services. The overall nature of my client's website and goods are home decor. Your demand implies that you believe consumers may potentially be confused as to the source of your client's maternity-related and other items of clothing. However, after reviewing your clients' websites

EXHIBIT 2

B. Lila
Page 2 of 2
3/9/2020

www.shoppinkblush.com and www.pinkblushmaternity.com, there are no handbags or purses offered for sale. Thus, we appear to be dealing with wholly dissimilar goods being offered by both "competing" websites. This cannot possibly lead any reasonable potential customer to believe that the brands are affiliated. Home decor is the predominant category of goods sold by my client and my client offers no clothing for sale, unlike your client's brand which features clothing almost exclusively.

Nevertheless, having stated this, my client commits to not offering for sale any products that are the same as those covered by your client's trademark registrations (i.e., International Classes 25 and 35). This means my client will remove all tote bags and other bags that could possibly be considered to be a "handbag" within reason. To the extent my client offers any jewelry, it would remove those items also. My client does not sell purses.

All items will be removed within 14 calendar days.

Frankly, I highly doubt tote bags or duffel bags would be considered to be a handbag or otherwise would cause any consumer confusion with your client's brand. Again, my client denies any wrongdoing or intentional infringement. However, given the insignificance of the aforementioned products to my client's overall brand, it elects to take this step to ensure that no likelihood of any brand confusion is reasonably possible. Accordingly, this should not be construed by your client as any admission of any wrongdoing.

My client will take no other steps.

I trust this response and my client's proposed actions will fully resolve this matter.

Regards,

Philip A. Nicolosi
PAN:crl

EXHIBIT 2