Michael A. Long, Esq. (SBN: 266555)
Law Office of Michael A. Long
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
T: (310) 625-3395  F: (213) 915-3133
E: mlong@aexius.com
*Attorney for Defendant, PINKBLUSH.COM*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>   vs.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>            Defendants. | Civil Case No.  **8:20-cv-1160-SB-DFMx**<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6); MEET AND CONFER DECLARATION OF MICHAEL A. LONG**<br><br>*[Concurrently filed with Notice of Interested Parties and Proposed Order Thereon]*<br><br>Date: April 9, 2021<br>Time: 8:30 AM<br><br>Action filed: June 3, 2020 |

Defendant PINKBLUSH.COM hereby moves to dismiss the Complaint under FRCP Rule 12(b)(6) for failure to state a claim for which relief can be granted. This motion is based on the accompanying memorandum of points and authorities, declaration of Michael A. Long, and such evidence or argument that may be presented at hearing on this motion.

1

2      DATED:  March 1, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

LAW OFFICE OF MICHAEL A. LONG


*/s/ Michael A. Long*
     Michael A. Long, Esq.
*Attorneys for Defendant,*
*PINKBLUSH.COM*

-2-

1

# TABLE OF CONTENTS

2

3

I.      INTRODUCTION ...................................................................6

4

II.     LEGAL STANDARD – CLAIMS FOR TRADEMARK INFRINGEMENT,
        FALSE DESIGNATION OR ORIGIN, AND UNFAIR COMPETITION

5
        ARE ANALYZED TOGETHER ....................................................8

6

III.    LEGAL STANDARD – LIKELIHOOD OF CONFUSION.........................9

7

IV.     PLAINTIFF FAILS TO ALLEGE STANDING TO ENFORCE THE

8
        MARK ...................................................................................10

9

V.      THERE IS NO PRESUMPTION THAT PLAINTIFF OWNS ANY

10
        RIGHTS IN THE ALLEGED MARKS BECAUSE THE
        REGISTRATIONS ALLEGED ARE NOT ALLEGED NOR SHOWN TO

11
        BE IN ITS NAME.....................................................................11

12

VI.     THE SECOND CLAIM MUST BE DISMISSED BECAUSE THERE IS
        NO FALSE DESIGNATION OF ORIGIN AS TO ANY GOODS AND

13
        THE WEBSITE "PINKBLUSH.COM" IS NOT A FALSE

14
        DESIGNATION..........................................................................12

15
VII.    THE THIRD CLAIM FOR UNFAIR COMPETITION FAILS UNDER
        *KYTHERA* WITH ITS OTHER CLAIMS AND MUST ALSO BE

16
        DISMISSED FOR FAILURE TO STATE A CLAIM...............................14

17
VIII.   ONE SINGLE INSTANCE OF SOCIAL MEDIA USE IS
        INSUFFICIENTLY PLED TO SHOW A LIKELIHOOD OF

18
        CONFUSION *AS TO THE GOODS OR ANY DAMAGES BY A*

19
        *REASONABLE CONSUMER* .......................................................14

20
IX.     CONCLUSION ........................................................................16

21

22

23

24

25

26

1

# TABLE OF AUTHORITIES

2

## Cases

3   *Academy of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d

4       1446, 1457 (9th Cir.1991) ..................................................................................7

5   *AMF Inc. v. Sleekcraft Boats* (9th Cir.1979) 599 F.2d 341 .........................................8

    *AMF Inc. v. Sleekcraft Boats* (9th Cir.1979) 599 F.2d 341, 348 ...............................5

6   *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir.1979) ...............................7

    *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) .........................8

7   *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1072-73 (N.D. Cal. 2015) ........14

    *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676-77 (9th Cir. 2005) ..............5

8   *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6 (9th

9       Cir.1999) ...............................................................................................................7

    *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994).....................................7

10  *Davis v. Walt Disney Co.*, 430 F.3d 901, 905 (8th Cir. 2005) .......................................14

    *Duluth News–Tribune v. a Mesabi Publishing Co.*, 84 F.3d 1093, 1098-99 (8th Cir. 1996)

11      ...............................................................................................................................14

12  *Equinox Hotel Mgmt., Inc. v. Equinox Holdings, Inc.*, No. 17-cv-06393-YGR, at *16 n.13

13      (N.D. Cal. Feb. 1, 2018) ........................................................................................14

    *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-03 (9th Cir. 2007) ..........................8

14  *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011)

15      ...............................................................................................................................7

    *Kythera Biopharmaceuticals, Inc.* ...............................................................................13

16  *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D.

17      Cal. 2014) ...............................................................................................................7

18  *Lujan v. Defenders of Wildlife*,504 U.S. 555, 560 (1992) ..............................................9

    *Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v. Kianfar*, 179 F.3d 1244, 1249 (9th Cir.

19      1999)......................................................................................................................10

20  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006)..............9

    *Sleekcraft*, 599 F.2d at 348 ........................................................................................8

21  *Toyota Motor Sales v. Tabari*, 610 F.3d 1171, 1179 (9th Cir. 2010)..............................6

22  *Twentieth Century Fox Film Corp. v. Dastar Corp.*, CV 98-07189 FMC (Ex), at *8-9

    (C.D. Cal. Oct. 14, 2003) ......................................................................................13

23  *United States v. Hays*, 515 U.S. 737, 743 (1995) .........................................................9

24  *ZW USA, Inc. v. PWD Sys., LLC*, 208 F. Supp. 3d 1025, 1050-51 (E.D. Mo. 2016) .......14

## Statutes

25  15 U.S.C. § 1114(1) ...................................................................................................8

26  15 U.S.C. § 1125 .......................................................................................................8

15 U.S.C. § 1125(a) ...................................................................................................14

15 U.S.C. §§ 1114(1) & 1125 ......................................................................................8

15 USC §1125(a) .......................................................................................................12

FRCP Rule 12(b)(6) ..................................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**
**UNDER FRCP 12(b)(6)**
CASE NO. **8:20-cv-1160-SB-DFMx**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case stands or falls on Plaintiff SCOTT AND ADDISON, LLC's ("S&A") trademark infringement claim. The claims for unfair competition are preempted by the Lanham Act.[1]  S&A claims to use the mark "Pinkblush" in connection with **women's maternity clothing**. Complt. ¶ 8; Exhibit A thereto (Trademark Registration Nos. 4,349,787 and 4,608,916). Yet the goods claimed as infringing appear to involve children's home décor and gifts—such as picture frames—which are unrelated. No reasonable consumer would be confused because a purchaser of women's clothing would not go to Pinkblush.com to purchase maternity clothing as there are not maternity clothes offered for sale.[2] Pinkblush.com sells **no clothing whatsoever**.

At best, Plaintiff claims that the website is confusing based on a non-sale text that does not somehow create any likelihood of confusion as to sale of any prohibited goods. "A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will against *the sale of another's product as his*. (citations)" *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676-77 (9th Cir. 2005)

The Complaint is frivolous, unsupported, and should be dismissed. Unrelated goods is insufficient to show a likelihood of confusion as to the goods for which the mark is registered. *AMF Inc. v. Sleekcraft Boats* (9th Cir.1979) 599 F.2d 341, 348.

---

[1] To offer context, this case stems from repeated offers from Plaintiff to purchase the web domain "Pinkblush.com" (registered June 2, 2004).  Plaintiff's attempts to purchase the domain span many years – with first contact in 2013. Plaintiff has become hostile and appears to have hired an influencer to help fabricate a false claim of confusion. The allegations are paper thin and cannot sustain its claim.

[2] The Pinkblush.com website is alleged to be shown in Exhibit C to the Complaint – which contains images of home décor, not maternity wear or clothing.

Remarkably, there is no allegation in the Complaint that Defendant Pinkblush.com sold a single item of women's clothing or maternity clothing -- or any clothing at all. The allegations are unsupported and without merit.  The basis of alleged confusion is insufficiently pled, and falls far below the required showing of a likelihood of confusion.

Citing to a social influencer post (Exh. D to Complaint), Plaintiff confuses the presence of the website Pinkblush.com with actual confusion.[3]

The opposite is true. Since the Internet age, consumers no longer blindly follow a link like lemmings just because an influencer says so. There is no allegation that any reasonable consumers were actually confused, and because internet users are extremely savvy,[4] such confusion is highly unlikely. *Toyota Motor Sales v. Tabari*, 610 F.3d 1171, 1179 (9th Cir. 2010) Confusion cannot fairly be presumed, and this negates any likelihood of confusion.

---

[3] The social post asserted by Plaintiff is also internally inconsistent, with "Pinkblushmaternity.com" listed at the bottom, which appears to be the website of Plaintiff, not of Defendant.

[4] "When a domain name making nominative use of a mark does not actively suggest sponsorship or endorsement, the worst that can happen is that some consumers may arrive at the site uncertain as to what they will find. But in the age of FIOS, cable modems, DSL and T1 lines, reasonable, prudent and experienced internet consumers are accustomed to such exploration by trial and error. [Citation] ***They skip from site to site, ready to hit the back button whenever they're not satisfied with a site's contents.*** They fully expect to find some sites that aren't what they imagine based on a glance at the domain name or search engine summary. Outside the special case of trademark.com, or domains that actively claim affiliation with the trademark holder, consumers don't form any firm expectations about the sponsorship of a website until they've seen the landing page — if then. This is sensible agnosticism, not consumer confusion. See Jennifer E. Rothman, INITIAL INTEREST CONFUSION: STANDING AT THE CROSSROADS OF TRADEMARK LAW, 27 Cardozo L. Rev. 105, 122-24, 140, 158 (2005). ***So long as the site as a whole does not suggest sponsorship or endorsement by the trademark holder, such momentary uncertainty does not preclude a finding of nominative fair use***." *Toyota Motor Sales.* (emphasis added)

MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
UNDER FRCP 12(b)(6)
CASE NO. **8:20-cv-1160-SB-DFMx**

## II. LEGAL STANDARD – CLAIMS FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION ARE ANALYZED TOGETHER

The Court in *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014) wrote:

> In its Complaint, Plaintiff has alleged causes of action for: (1) trademark infringement, (2) unfair competition, and (3) false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 & 1125, and under California law. Compl. ¶¶ 25–36, 40–44.
>
> This Court **analyzes these claims together** for the purposes of this Motion. "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir.1979)); see also *Grey v. Campbell Soup Co.*, 650 F.Supp. 1166, 1173 (C.D.Cal.1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same"). A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6 (9th Cir.1999) (citing 15 U.S.C. §§ 1114(1) & 1125; *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir.1979)). Furthermore, **the Ninth Circuit "has consistently held that state common law claims of unfair competition ... are 'substantially congruent' to claims made under the Lanham Act**." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994) (citing *Academy of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir.1991)).

///
///
///
///

1    **III.    LEGAL STANDARD – LIKELIHOOD OF CONFUSION**

2    The likelihood of confusion test is set forth in *AMF Inc. v. Sleekcraft Boats* (9th

3    Cir.1979) 599 F.2d 341. "When the goods produced by the alleged infringer compete for

4    sales with those of the trademark owner, infringement usually will be found if the marks

5    are sufficiently similar that confusion can be expected. When the goods are related, but

6    not competitive, several other factors are added to the calculus. If the goods are unrelated,

7    there can be no infringement because confusion is unlikely." *Sleekcraft*, 599 F.2d at 348.

8    Under this test, courts consider eight factors: [1] the strength of the mark; [2] the

9    relatedness of the goods; [3] the similarity of the mark; [4] the evidence of actual

10   confusion; [5] the marketing channels used; [6] the type of goods and the likely degree of

11   care by the purchaser; [7] the defendant's intent in selecting the mark; and [8] the

12   likelihood of expansion of the product lines. (*Id.* at 348-349.)

13   "We have identified eight nonexclusive factors relevant to evaluating likelihood of

14   confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). In its

15   order, the district court did not mention, let alone analyze, these critical factors in

16   evaluating TFN's likelihood of success on its trademark infringement claim. Rather, the

17   district court simply concluded that: (1) TFN appears to have a legitimate mark; (2) Oey

18   at one time acknowledged TFN's mark and sought to protect it; and (3) "after his

19   separation from the organization, [Oey] began to publicly encourage the disparagement

20   of the Freecycle trademark." Contrary to the district court's conclusion, these facts —

21   even if true — simply do not demonstrate that TFN has a likelihood of success on its §

22   1125(a) infringement claim." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-03 (9th

23   Cir. 2007)

24   ///

25   ///

26   ///

**IV.   PLAINTIFF FAILS TO ALLEGE STANDING TO ENFORCE THE MARK**

The allegations are insufficient to support a finding that Plaintiff has standing.  "A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) Standing is "an essential . . . part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*,504 U.S. 555, 560 (1992). Plaintiff bears the burden of proving the existence of standing to sue. See, e.g., *United States v. Hays*, 515 U.S. 737, 743 (1995).

Here, Plaintiff claims it owns the registrations without any allegations as to how it came to own such alleged registrations. The registrations are in the names of unknown third parties "Brad and Zoe, Inc." (Exh. A to Complt.)

Plaintiff has alleged without evidence that it somehow owns the asserted marks. The assignment of the mark is without proper basis. There is no explanation in the Complaint as to how "Brad and Zoe, Inc." somehow gave up rights in the cited registrations such that Plaintiff somehow acquired those rights. The Complaint fails to properly allege standing to enforce the registrations. Lacking sufficient allegations for standing, Plaintiff fails to state a claim for which relief can be granted.[5] Therefore, its claims must be DISMISSED.

---

[5] Even if Plaintiff were to show it somehow obtained an assignment of ownership, such assignment is not pled in the Complaint and is insufficient as a matter of law. Moreover, an alleged assignment can also fail in other respects as there have been no allegations of any sale of the goods and equipment concerning the prior business, and the transaction can be invalidated for other reasons such as corporate looting, strawman transaction, or that the purchaser and seller were captive corporate shells and therefore alter egos of each other. This is true because the addresses of the buyer and seller will be

**V.    THERE IS NO PRESUMPTION THAT PLAINTIFF OWNS ANY RIGHTS IN THE ALLEGED MARKS BECAUSE THE REGISTRATIONS ALLEGED ARE NOT ALLEGED NOR SHOWN TO BE IN ITS NAME**

Under 15 U.S.C. § 1115(a), a valid federal trademark registration constitutes prima facie evidence that the holder owns the mark. See, *Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v. Kianfar*, 179 F.3d 1244, 1249 (9th Cir. 1999) That presumption does not apply here, as again the registrations are not in Plaintiff's name, but the name of a third party, "Brad and Zoe, Inc." Plaintiff's claims of assignment are also not pled, and are not properly pled as a conclusory claim of assignment does nothing to change the prima facie ownership shown in the registration to third party, "Brad and Zoe, Inc." Because the registrations are presumptive as to ownership, the presumption cannot be assumed to apply to another party. Plaintiff's claim that assignees benefit is not applicable in this case, because Plaintiff has not shown proper chain of title that it is the rightful owner of the mark being asserted against the Defendant.

Moreover, mere use is not prima facie evidence of ownership because Plaintiff concedes that Defendant also uses the mark. Furthermore, Plaintiff's claims do not show priority as to ownership and therefore its claimed use is insufficient to overcome its standing issue.

Therefore, the motion should be GRANTED and the Complaint DISMISSED.

---

revealed to be at the same address which makes these entities highly suspect and failing to conduct a proper transaction to validly assign trademark rights.

## VI.   THE SECOND CLAIM MUST BE DISMISSED BECAUSE THERE IS NO FALSE DESIGNATION OF ORIGIN AS TO ANY GOODS AND THE WEBSITE "PINKBLUSH.COM" IS NOT A FALSE DESIGNATION

A claim for "false designation of origin" has three elements: (1) a false designation of origin; (2) the false designation of origin has a substantial effect on interstate commerce; and (3) the false designation of origin creates a likelihood of confusion among the consuming public. This claim is under the Lanham Act, 15 USC §1125(a).

In the present case, none of the requisite facts are alleged in the Complaint. There is nothing false about any of the goods marked as alleged in Pinkblush.com. (**Exh. C** to Complaint) Instead, Plaintiff alleges an intent to steal, which is not an element of "false designation of origin" under 15 USC §1125(a). The Complaint states:

> 26. On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's PINKBLUSH trademark and designation to steal plaintiff's goodwill.
>
> 27. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.
>
> 28. By reason of the foregoing and upon information and belief, defendant PinkBlush.com has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and commercial activities.

Complaint, ¶¶ 26-28.  Here, element (1) is missing.  Nothing in the allegations concerns a false designation – in fact, it is clear that Pinkblush.com is not owned by the Plaintiff so the use of the web domain is not false, but a function of the website domain name. Therefore, element (1) is not met. Element (2) "a substantial effect on interstate commerce" is also clearly missing. Element (3) "creates a likelihood of confusion among the consuming public" is stated in a conclusory manner and does not have supporting facts

to support the allegation. The allegation is a legal conclusion, not a factual one, and therefore is inoperative for purposes of alleging facts to support its claim. Therefore, the second claim for "false designation of origin" must be dismissed for failure to state a claim under FRCP 12(b)(6).

Plaintiff also claims that birth announcements are confusing; however, birth announcements are neither maternity wear nor clothing and the facts are still insufficient to rise to consumer confusion as to the source of the goods. During meet and confer, Plaintiff's counsel referred to paragraph 15 of the Complaint which states, "15. On or around February 20, 2020, counsel for S&A served PinkBlush.com with written notice of the PINKBLUSH® trademark and registrations. S&A further demanded PinkBlush.com cease use of the confusingly similar Infringing PINK BLUSH Trademark." There is no allegation that is likely to cause confusion. Plaintiff also referred to Exhibit C of the Complaint [DN 1 at 18-19] which is claimed by Plaintiff as alleging birth announcements. That is not alleged in the complaint and the font is so small on pages 18 and 19 that it is indiscernible and had the allegation been so important, Plaintiff should have made it clear in both the language of the Complaint and in the cited Exhibit to make clear so as to give notice of what is being alleged as the basis of the claimed infringement. Failing that, there is no allegation of any likelihood of confusion or sales or uses of the mark in connection with maternity wear or clothing.  If that is the basis of Plaintiff's alleged confusion, the facts are still insufficient to show any confusion as Plaintiff claims. (See generally, Long Decl.) Therefore, the Complaint should be DISMISSED.

///

///

///

**MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**
**UNDER FRCP 12(b)(6)**
CASE NO. **8:20-cv-1160-SB-DFMx**

**VII.   THE THIRD CLAIM FOR UNFAIR COMPETITION FAILS UNDER
*KYTHERA* WITH ITS OTHER CLAIMS AND MUST ALSO BE
DISMISSED FOR FAILURE TO STATE A CLAIM**

Unfair Competition under 15 U.S.C. § 1125(a) follows the same analysis. *Kythera Biopharmaceuticals, Inc.* (analyzing Lanham Act claims together). Here, the Complaint fails for the same reasons as stated for the first two claims. Therefore, the motion should be GRANTED, and the third claim should be DISMISSED.[6]

**VIII.   ONE SINGLE INSTANCE OF SOCIAL MEDIA USE IS
INSUFFICIENTLY PLED TO SHOW A LIKELIHOOD OF CONFUSION
*AS TO THE GOODS OR ANY DAMAGES BY A REASONABLE
CONSUMER***

A single instance alleged has to be of actual confusion as to the goods, not a website. S&A's focus is on website, not on any particular goods or transactions of the Defendant. The sole supporting evidence pled in the Complaint is one social media post.[7] Claimed instances of actual confusion are insufficient as "nothing more than a regurgitation of consumer confusion evidence" *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F.

---

[6] "Although California unfair competition law may be broad in scope, the California reverse passing off claim is congruent with the Lanham Act claim and must be resolved by applying the same test of consumer confusion. In this case, the Supreme Court held that Defendants did not place a false designation of origin on their products, which led to a rejection of Plaintiffs' Lanham Act claim; there was no consumer confusion regarding the origin of the goods. The Supreme Court's finding that Defendants' actions were not misleading under the Lanham Act controls the resolution of their California unfair competition claim. As with their Lanham Act claim. Plaintiffs cannot prevail on their California unfair competition claim." *Twentieth Century Fox Film Corp. v. Dastar Corp.*, CV 98-07189 FMC (Ex), at *8-9 (C.D. Cal. Oct. 14, 2003)

[7] It is strongly suspected that the post is from one of Plaintiff's own social influencers. The post is therefore untrustworthy, self-serving, and does not constitute likely confusion by a reasonable consumer in the market as to the goods for which the mark is registered.

1  Supp. 3d 1057, 1072-73 (N.D. Cal. 2015); *Equinox Hotel Mgmt., Inc. v. Equinox*

2  *Holdings, Inc.*, No. 17-cv-06393-YGR, at *16 n.13 (N.D. Cal. Feb. 1, 2018)

3        S&A's trademark registrations list the following goods: "maternity clothing,

4  namely, shirts, parts and dresses, in Class 25"; and "clothing, namely, shirts, blouses,

5  tops, jackets, dresses, skirts, pants, jeans, scarves, and shoes, in Class 25." Id. There is no

6  allegation that any confusion exists as to any of the registered goods. Therefore, the

7  Complaint is insufficiently pled and the complaint should be DISMISSED.[8]

8        There is an absence of any damages alleged. The allegation of a third-party link

9  stating "Pinkblush.com" is a clerical or Scrivener's error as the page specifically states

10 that PinkBlush Maternity is the correct website. Thus, even if there were to be any

11 confusion, there is no damage to the Plaintiff.

12       Plaintiff claims it advertises using social media. And Plaintiff uses social media

13 advertising to claim that it causes confusion. This is manufactured and it does not

14 constitute likely confusion – it is a weak and shortsighted ploy to attempt to manufacture

15 a claim for infringement in order to pressure defendant into giving up its web domain.

16       The social influencer is not alleged as a purchaser of goods from Pinkblush.com.

17 No evidence is shown that the social media influencer was confused as to source. Not a

18 single returned good or confused shopper is alleged in any of the various allegations in

19 _____

20       [8] Similarly, in analyzing whether there is a likelihood of confusion, other
   jurisdictions also consider the number of instances of alleged confusion. For example,
21 "[W]eight is given to the number and extent of instances of actual confusion." *ZW USA,*
   *Inc. v. PWD Sys., LLC*, 208 F. Supp. 3d 1025, 1050-51 (E.D. Mo. 2016)  Evidence of
22 only a few instances of actual confusion is not conclusive of the existence of a likelihood
23 that consumers would "be confused as to the source" of the product, the "core element"
   of trademark infringement. *Davis v. Walt Disney Co.*, 430 F.3d 901, 905 (8th Cir. 2005)
24 (quotation marks and citations omitted); see *Duluth News–Tribune v. a Mesabi*
   *Publishing Co.*, 84 F.3d 1093, 1098-99 (8th Cir. 1996) (holding that "even several
25 isolated incidents of actual confusion" are insufficient to support a finding of likelihood
26 of confusion).

the Complaint. Nothing in the Complaint alleges likely confusion as to any consumers in the market based on any facts. Exhibit D to the Complaint, a social media post, is not evidence of the kind of trademark confusion in the market because it is not evidence of any purchasers ever being confused. Therefore, contrary to the allegation of actual confusion, Plaintiff's own Exhibit C is not evidence of actual confusion but of a manufactured attempt to distort reality. Glaringly missing is any allegation that consumers are suffering any confusion. Lacking any facts sufficient to allege confusion, the motion should be GRANTED and the Complaint should be DISMISSED.

## IX.    CONCLUSION

Based on the foregoing, the complaint fails to state a claim for any trademark infringement, false designation of origin, or unfair competition. Therefore, the motion should be granted and the complaint should be DISMISSED. FRCP Rule 12(b)(6).


DATED:  March 1, 2021

Respectfully submitted,
LAW OFFICE OF MICHAEL A. LONG

*/s/ Michael A. Long*

Michael A. Long, Esq.
*Attorneys for Defendant,*
*PINKBLUSH.COM*

-16-

## **DECLARATION OF MICHAEL A. LONG**

I, Michael A. Long, declare:

1.      I am Defendant's counsel in the above-captioned matter. I have personal knowledge of the facts stated herein. If called to testify, I would and could testify competently thereto.

2.      I make this declaration in support of Defendant's motion to dismiss for failure to state a claim.

3.      I met and conferred with counsel for plaintiff, Ben T. Lila by numerous exchanges of emails as well as a lengthy 39-minute phone conversation. Our discussions did not fully resolve the issue as presented in the accompanying motion filed herewith. Attached hereto as composite **Exhibit A** are true and correct copies of emails concerning my correspondent with Mr. Lila regarding the instant motion to dismiss.

4.      The defendant filed a motion to dismiss on January 29, 2021 [DN 16].

5.      The court subsequently ordered resubmittal of the motion with notice of interested parties, meet and confer statement, and proposed order. Chamber copies are also being submitted herewith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 1, 2021 in Los Angeles, California.

*/s/ Michael A. Long*
Michael A. Long, Declarant

-17-

# EXHIBIT A

 **Gmail**

Michael Long <mlong@aexius.com>

---

## RE: Scott and Addison, LLC v. Pinkblush.com - Complaint (Scott and Addison/8291.02-001)

---

**Michael A. Long** <mlong@aexius.com>                    Wed, Feb 3, 2021 at 1:46 PM
To: "Ben T. Lila" <blila@mandourlaw.com>
Cc: Lucas Ehrlichman <luke.lawofcmal@gmail.com>, "Joseph A. Mandour" <jmandour@mandourlaw.com>, "Gordon E. Gray" <ggray@mandourlaw.com>

Counsel:
This will constitute Defendant Pinkblush.com's written attempt to meet and confer regarding the complaint and our motion to dismiss under FRCP 12(b)(6) regarding insufficient allegations concerning standing and Plaintiff Scott and Addison, LLC's claims under the Lanham act (trademark infringement, false designation of origin, unfair competition). I am also reachable directly by phone and intend to call you shortly.

I intend to revise the hearing date to allow time for us additionally to meet and confer and still provide you with sufficient notice. The main issue is that the complaint does not allege standing - there is no indication of what assignment was made or whether the assignment is valid at all. The allegations within the four corners of the complaint do not properly allege standing or ownership, as the registrations attached to the complaint are in the name of "Brad and Zoe, Inc." not the Plaintiff, "Scott and Addison, LLC."

The complaint is also insufficient as to the allegation of confusion as to the source of the goods concerning any clothing items. Your asserted registrations are directed to clothing. Yet the goods sold by Pinkblush involve home decor. These are unrelated.  The complaint has more to do with the website which does not appear to involve anything as to your client's women's maternity clothing. Defendant doesn't sell any clothing.

It is requested that you dismiss your complaint. I am also available for discussion regarding settlement and if you wish to explore this issue further I am amenable to filing a 45 or 60-day stay of proceedings to explore settlement of this matter.

**Michael A. Long, Esq.**
Law Office of Michael A. Long
CA State Bar No. 266555
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
C: (310) 625-3395
F: (213) 915-3133
E: mlong@aexius.com

[Quoted text hidden]

EXHIBIT A-1



Michael Long <mlong@aexius.com>

---

## RE: Scott and Addison, LLC v. Pinkblush.com - Complaint (Scott and Addison/8291.02-001)

**Michael A. Long** <mlong@aexius.com>                                     Mon, Feb 22, 2021 at 8:00 AM
To: "Ben T. Lila" <blila@mandourlaw.com>
Cc: "Joseph A. Mandour" <jmandour@mandourlaw.com>, "Gordon E. Gray" <ggray@mandourlaw.com>

Ben,
Thank you for your email. This will further meet and confer regarding Defendant Pinkblush.com's motion to dismiss.

Re: "The allegations in the Complaint are accepted as true for the purposes of a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Thus, defendant's Motion is procedurally as well as substantively defective."

This is a very general statement and has no application. I cannot meaningfully evaluate what you mean by the above, or how this applies to any of the allegations in the complaint.

Re: "We disagree with your contention about actual confusion and the similarity of the goods.  Disputing these facts is inappropriate for the Motion.  Also, the issue is not whether the goods and/or services will be confused with each other, but rather whether the public will be confused as to their source. *See Recot Inc. v. M.C. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000)."

That case is inapposite. The motion to dismiss under FRCP 12(b)(6) for failure to state a claim for which relief can be granted in essentially a "so what" motion--meaning that if your facts are taken as true, you still cannot show that there is a likelihood of confusion as to the goods. You have registrations for maternity wear / clothing. Nothing in your complaint shows any factual basis upon which confusion can be found. That is because there is none. The complaint fails to show what **facts** are alleged that sufficiently plead likely confusion *as to the goods*. (As you know, Defendant Pinkblush.com does not sell any clothing, but rather home decor -- you have not alleged that Pinkblush.com sells any clothing.) So what are you alleging is the basis of confusion? There are no facts to establish a likelihood of confusion under Sleekcraft. Your complaint refers to allegations of confusion concerning the website, not the goods as used with the mark. You are clearly targeting the website in connection with the mark, not the goods in connection with the mark. As such, it is insufficiently pled and shows no factual allegations as to likely confusion of the mark in connection with the goods -- there is no factual allegation that is sufficient to show that a consumer would be confused as to the source **of the goods**.

Re: "The Complaint alleges standing extensively, including trademark ownership, ownership of the registrations, ownership through assignment and ownership through use.  We disagree with your contention that standing is insufficiently alleged."

Standing is extensively alleged? I respectfully disagree. The allegations of "standing" are conclusory and do not show sufficient **facts**. There is no assignment. You have no showing of what assignment was made, when, how, by whom, or for what consideration, or any other facts to support a valid and subsisting assignment. What I understand from our discussion is in essence you allege "I assigned" and you believe that is sufficient. I have to disagree because your registrations carry the presumption that the listed owner is the one who holds the rights. That presumption is not applicable. How is the Court supposed to construe the complaint's allegations to be "taken as true" when the registration says "Brad and Zoe, Inc." is the owner of the registrations, and then the Court is required to apply the presumption that the registrations confer on "Brad and Zoe, Inc." standing, not the Plaintiff? The complaint is defective and fails to properly allege the facts needed to confer standing.

Re: "Although plaintiff contends there are no inconsistent or "repetitive" allegations, such allegations are explicitly authorized under Fed.R.Civ.P. 8(d). Thus, we disagree that a 12(b)(6) motion can be based on inconsistent or "repetitive" allegations."

Your reference to FRCP Rule 8 does not address the case law we discussed. The complaint asserts inconsistent facts because its conclusorily claims standing but the complaint's facts as shown in the registrations do not show standing. Here is Rule 8(d):

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

EXHIBIT A-2

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

There is case law that further supports the motion:

*Hartford Cas. Ins. Co. v. Am. Dairy and Food Consulting Labs., Inc.*, No. 09-CV-00914-OWW-DLB, 2009 WL 4269603, at *12 (E.D. Cal. Nov. 25, 2009) ("[I]f a pled claim is internally inconsistent with itself, the inconsistencies may cancel each other out and render the claim subject to dismissal for failure to state a claim.")

*Steiner v. Twentieth Century–Fox Film Corp.*, 140 F. Supp. 906, 908 (S.D. Cal. 1953) ("[N]o authority is known ... which permits blowing hot and cold in the same cause of action.")

Your trademark infringement claim does just that: you allege standing, yet you also allege the registration and you explained you view it as part of the trademark infringement claim. If that is the case, then your trademark infringement claim at a minimum fails.

The point of *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014) is that your three related Lanham Act claims are viewed together under *Kythera*. The Court can treat them together under *Kythera*. I am not arguing that the claims are repetitive, but rather the analysis is similar under *Kythera*. You have done exactly as the plaintiff in *Kythera* so the Court can analyze your claims together:

> In its Complaint, Plaintiff has alleged causes of action for: (1) trademark infringement, (2) unfair competition, and (3) false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 & 1125, and under California law. Compl. ¶¶ 25–36, 40–44.
> This Court analyzes these claims together for the purposes of this Motion. "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir.1979)); see also *Grey v. Campbell Soup Co.*, 650 F.Supp. 1166, 1173 (C.D.Cal.1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same"). A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6 (9th Cir.1999) (citing 15 U.S.C.§§ 1114(1) & 1125; *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir.1979)). Furthermore, the Ninth Circuit "has consistently held that state common law claims of unfair competition ... are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994) (citing *Academy of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir.1991)).

Re: "9th Circuit Model Jury Instructions No. 15.8, explains that the presumption under 15 U.S.C. § 1115 applies to assignees as well as registrants.  Thus, we disagree with your contention that the Certificate of Registration is dispositive of a lack of standing for your claim."

15.8 is a jury instruction. It is not part of your complaint. 15.8 does not alleviate your pleading requirements. You are using a jury instruction to try to get around the insufficient pleading in the complaint.

Regarding your question regarding costs of service: FRCP 4(d)(2) states, "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:  (A) the expenses later incurred in making service[...]" My clients propose a compromise of walk-away. I understand you served by email and want costs of service. Email service costs virtually nothing and in any event is properly borne by your client as the party filing the lawsuit. Moreover, there is no showing of "lack of good cause" to shift the fee burden. Defendant is entitled to due process of law and you had to serve the defendant personally which you did not do. I do not understand your claim that service was evaded in any way. I see that you decided that instead of serving Defendant personally, you requested that the magistrate grant permission to email serve. Thereafter you served by email. Without a showing of lack of good cause, the cost of service is a cost borne by the plaintiff. There are no facts I see that constitute any lack of good cause warranting imposition of costs under Rule 4 in this situation. I do not see what you are referring to regarding other counsel. If you requested that they waive service and assumed incorrectly that they were able to do so, and since you were corresponding with an attorney in another jurisdiction it appears that they did not have such authorization. Therefore, it is not in bad faith that your request was not accepted. Obviously that other attorney is not involved with the case now and is not counsel here, while I did accept that email service was valid without contesting service by email. That

EXHIBIT A-3

is in good faith and shows there is no showing of "without good cause." When Defendant received your email service and retained me, I checked the file and confirmed that the magistrate granted the order and as mentioned did not challenge it. Had I challenged the order or refused to acknowledge service, that would have constituted "without good cause." In addition, those expenses must have been reasonably incurred. You are aware that Pinkblush.com is a web domain. If you cannot locate the physical address by a web search, which is a matter of a few seconds, then the appropriate way to serve a web domain is through electronic means. I do not see any evasion of service as the email service you made was accepted.

re: "Defendant's time to respond to the Complaint has expired.  As we have discussed, defendant's Motion is procedurally as well as substantively defective.  Thus, please let us know how defendant intends to respond."

The Court did not set a deadline to re-file the motion and timely received our motion. We are in the process of doing so and plan to do so in the next few days.


**Michael A. Long, Esq.**
Law Office of Michael A. Long
CA State Bar No. 266555
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
C: (310) 625-3395
F: (213) 915-3133
E: mlong@aexius.com

[Quoted text hidden]

EXHIBIT A-4

 Gmail

Michael Long <mlong@aexius.com>

---

## RE: Scott and Addison, LLC v. Pinkblush.com - Complaint (Scott and Addison/8291.02-001)

**Michael A. Long** <mlong@aexius.com>                    Thu, Feb 25, 2021 at 11:16 AM
To: "Ben T. Lila" <blila@mandourlaw.com>
Cc: "Joseph A. Mandour" <jmandour@mandourlaw.com>, "Gordon E. Gray" <ggray@mandourlaw.com>

Ben,
Responses re: Motion to dismiss are below:

We seem to disagree. I understood from your email that you implicitly retracted your offer to amend the complaint. I understand your offer to amend is **only** as to registration. The pleading is still insufficiently pled on the issue of alleging sufficient facts to establish a likelihood of confusion of source **as to the goods**. How do you propose to amend the complaint on that issue? There are also more problems now that you are going outside the complaint to try to save it, and the facts still are insufficient to state a claim for likelihood of confusion as to the course of the goods.

Re: "Plaintiff has pleaded that defendant sells *inter alia* "birth announcements and nursery décor" goods which are likely to cause confusion. (ECF No. 1 ¶15 & Exhibit C) . Thus, your contention that plaintiff has not pled confusion "as to the goods" is simply ignoring the plain allegations."

You cite to the complaint, paragraph 15 claiming "birth announcements" which is not shown to be sold anywhere in the complaint or in Exhibit C. Exhibit C is on Pages 18 and 19 of the Complaint [DN 1 at 18-19]. It is unclear if the link you provide is for a birth announcement, or if there are goods sold that are likely confusingly similar to any of the goods of your client's maternity wear or clothing. Still, birth announcements are neither maternity wear nor clothing. Paragraph of your complaint states, "15. On or around February 20, 2020, counsel for S&A served PinkBlush.com with written notice of the PINKBLUSH® trademark and registrations. S&A further demanded PinkBlush.com cease use of the confusingly similar Infringing PINK BLUSH Trademark." There is no allegation that is likely to cause confusion. If that is the basis, the facts are still insufficient to show any confusion as you claim.

Re: "Plaintiff alleges use of the trademark in Paragraphs 8, 9, 10, 11, 12 and Exhibit B. Any one of these factual allegations is sufficient to establish ownership and standing. *See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d. 1217, 1219 (9th Cir. 1996). Your contention that there are insufficient allegations again ignores numerous allegations. Moreover, pleading a presumption of ownership is not a 'pleading requirement'."

Use is alleged by you but that is not dispositive and is not contested in the motion to dismiss. Ownership and standing is not conferred by use - if that were true, then use by any party constitutes ownership and Defendant therefore also owns the mark as to home decor or other uses. You allegations rely on the registration, which is insufficient to show ownership which means there is a lack of standing.

Re: "We disagree with your contention about actual confusion and the similarity of the goods. Disputing these facts is inappropriate for the Motion. Also, the issue is not whether the goods and/or services will be confused with each other, but rather whether the public will be confused as to their source. *See Recot Inc. v. M.C. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000)."

The motion concerns insufficient facts to allege likelihood of confusion. You're arguing facts and I'm stating your allegations are insufficient. You have to allege facts sufficient to state a claim for such likely confusion.

Re: "Plaintiff's allegations are not 'inconsistent'. Regardless, I was addressing Paragraph VII of your Motion, which contains two sentences contending that the Third Claim is 'repetitive'. There is simply no legal basis for dismissing this claim as 'repetitive'. If you are aware of case law dismissing similar claims as 'repetitive', please provide a citation."

The allegations are inconsistent on the issue of standing. You misinterpret the issue of repetitiveness which will be made with reference to the cited case, *Kyothera*. The point which I explained and will reiterate here is that the
Responses re Rule 4 are below:

Re: "The deadline to respond to the Complaint is set by Fed.R.Civ.P. 12(a)(4) and has expired. Thus, defendant is in default."

EXHIBIT A-5

No, a responsive pleading was filed and recognized by the Court. The Court dismissed without prejudice to permit refiling. Defendant is not in default as a responsive pleading was filed.

Re: "As I explained during our phone conference, the costs for service include forcing plaintiff to seek a Motion for Alternative service.  Also, your email appears to confuse the actual service with the Request for Waiver of Service that prior counsel confirmed he received on July 14, 2020."

There is no indication that the motion for alternative service is a "cost" grantable under FRCP 4. What you seem to be seeking is attorneys' fees, not costs. Was it necessary for you to file a motion in that manner? No. I did not force you to file anything. You chose to do so and you bear the expense of bringing this suit with unsupported claims including for costs of service. As explained, the cost of an email service is virtually nothing.

**Michael A. Long, Esq.**
Law Office of Michael A. Long
CA State Bar No. 266555
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
C: (310) 625-3395
F: (213) 915-3133
E: mlong@aexius.com

[Quoted text hidden]

EXHIBIT A-6

## PROOF OF SERVICE
### Certificate of Service

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is 1920 Hillhurst Ave #1139, Los Angeles, CA 90027.

On **March 1, 2021**, I served the foregoing document described **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6); MEET AND CONFER DECLARATION OF MICHAEL A. LONG** on the interested parties as follows:

Joseph A. Mandour, III (SBN 188896)
Ben T. Lila (SBN 246808)
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Tel.: (858) 487-9300
E-mail: jmandour@mandourlaw.com, blila@mandourlaw.com
*Attorneys for Plaintiff, Scott and Addison, LLC*

[]       (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]      (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on the addressees listed above.

[X]      (VIA ELECTRONIC MAIL) I caused such document to be delivered to addressees listed above.

Executed on **March 1, 2021**, in Los Angeles, California.

*/s/ Luke Ehrlichman*
Luke Ehrlichman

-18-

**MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
UNDER FRCP 12(b)(6)
CASE NO. 8:20-cv-1160-SB-DFMx**