MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Plaintiff,
Scott and Addison, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>Defendant. | Case No. 8:20-cv-01160-SB-DFM<br><br>**PLAINTIFF SCOTT AND ADDISON, LLC'S OPPOSITION TO DEFENDANT PINKBLUSH.COM'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(6)**<br><br>**Hearing:**<br>Date: April 9, 2021<br>Time: 8:30 am<br>Judge: Hon. Stanley Blumenfeld Jr.<br>Courtroom: 6C |

\\
\\
\\

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 4

II. DEFENDANT CONFUSES THE STANDARDS OF REVIEW. ......................... 4

   A. Defendant misinterprets the standard for pleading claims for False Designation of Origin and Unfair Competition. ..................................................... 4

   B. Defendant Inexplicably Cites the Standard of Review for a Preliminary Injunction. ................................................................................................ 4

   C. Defendant's Undeclared and Disputed Allegations are Inadmissible for a Motion Pursuant to Fed.R.Civ.P. 12(b)(6). ............................................... 5

III. THE COMPLAINT ALLEGES THAT PLAINTIFF IS THE OWNER OF THE TRADEMARK AND HAS STANDING. ................................................................ 5

   A. Plaintiff Alleges in the Complaint that it is the Owner of the Trademark. ........ 6

   B. Plaintiff is Not Required to Allege Ownership of a Registration to Establish Trademark Ownership and Standing. ..................................................... 6

   C. Plaintiff Has Additionally Established Ownership and Standing by Alleging Priority of Use. ........................................................................ 7

IV. ANY POSSIBLE INSUFFICIENCY MAY BE CURED BY AMENDMENT. 8

V. DEFENDANT'S MOTION IS UNTIMELY AND VIOLATES LOCAL RULES. ................................................................................................ 9

VI. CONCLUSION ........................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*DCD Programs, Ltd v Leighton*,
   833 F2d 183 (9th Cir 1987)..................................................................................8

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir. 2007)...............................................................................4

*M2 Software, Inc. v. Madacy Entertainment*,
   421 F.3d 1073 (9th Cir. 2005).............................................................................4

*Morongo Band of Mission Indians v. Rose*,
   893 F2d 1074 (9th Cir 1990)...............................................................................8

*Padilla v. Yoo*,
   678 F.3d 748 (9th Cir. 2012)...............................................................................5

*Sengoku Works Ltd. v. RMC Int'l Ltd.*,
   96 F.3d 1217 (9th Cir. 1996)...............................................................................6

*Walter v. Mattel, Inc.*,
   210 F.3d 1108 (9th Cir. 2000).............................................................................4

**Statutes**

15 U.S.C. § 1114.....................................................................................................4

15 U.S.C. § 1115(a) ................................................................................................6

15 U.S.C. § 1125(a) ................................................................................................7

**Rules**

Fed.R.Civ.P. 12(a)(4)..............................................................................................9

Fed.R.Civ.P. 12(b)(6).........................................................................................4, 5

Fed.R.Civ.P. 15(a)............................................................................................8, 10

L.R. 52-4.1 .............................................................................................................9

L.R. 7.1-1 ...............................................................................................................9

L.R. 7-3 ..................................................................................................................9

## I. INTRODUCTION

Defendant's motion violates both procedural and substantive rules for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendant's motion plainly ignores the standard of review that plaintiff's allegations are treated as true for the purposes of a motion under Fed.R.Civ.P. 2(b)(6). Instead, defendant's motion improperly introduces a host of highly disputed issues of fact to argue the factual merits of the complaint. Notwithstanding defendant's completely improper attempt to dispute the plain allegations of the complaint, defendant does not even provide any basis for admission of such allegations. Defendant further confuses the standards of review and misinterprets basic trademark law. The Court should therefore deny defendant's motion in its entirety.

## II. DEFENDANT CONFUSES THE STANDARDS OF REVIEW.

### A. Defendant misinterprets the standard for pleading claims for False Designation of Origin and Unfair Competition.

Defendant erroneously attempts to outline a different standard of review for plaintiff's claims beyond trademark infringement. The test for whether there is a claim of false designation of origin under the Lanham Act, as well as the common-law and statutory unfair competition claims, however, is the same as the analysis for a claim for trademark infringement under 15 U.S.C. § 1114, namely whether there is a likelihood of confusion between the marks at issue. *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073 (9th Cir. 2005), citing *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000).

### B. Defendant Inexplicably Cites the Standard of Review for a Preliminary Injunction.

Defendant's motion cites as its "Legal Standard" the case of *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-03 (9th Cir. 2007). The reference,

however, is a *non sequitur*. The opinion in the case, as quoted by defendant's motion, is the evaluation of the "likelihood of success" of a trademark claim on a motion for preliminary injunction. Because Defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6) has nothing to do with a preliminary injunction under Fed.R.Civ.P. 65, defendant's citation should be disregarded.

### C. Defendant's Undeclared and Disputed Allegations are Inadmissible for a Motion Pursuant to Fed.R.Civ.P. 12(b)(6).

For a 12(b)(6) motion to dismiss, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012).

Despite having no basis for admission, such as a witness declaration or a request for judicial notice, defendant attempts to argue various issues of fact including: the evidentiary weight of the similarity of defendant's goods (ECF No. 19, Motion Paragraph I), the evidentiary weight of plaintiff's evidence of confusion (Paragraph VII) and the validity of plaintiff's trademark assignment (Paragraph IV).

All of defendant's contentions are erroneous. They are also moot. A motion pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the allegations of the complaint, not to argue issues of fact. Because defendant's motion is entirely premised on the improper introduction of factual contentions, the motion should be denied in its entirety.

### III. THE COMPLAINT ALLEGES THAT PLAINTIFF IS THE OWNER OF THE TRADEMARK AND HAS STANDING.

Defendant's contention that Plaintiff has not alleged ownership of a trademark is erroneous on a multitude of grounds. First, Plaintiff plainly and explicitly alleges ownership of the trademark in the complaint. (ECF No. 1, ¶8.)

Second, trademark ownership is determined by *use and not registration*. Third, Plaintiff has explicitly alleged use of the trademark. (ECF No. 1, ¶9.) Finally, plaintiff is the assignee and owner of the registrations at issue as recorded with the U.S. Patent and Trademark Office ("USPTO") and such ownership is entitled to a presumption of validity under 15 U.S.C. § 1115(a). *See* ECF No. 1, Exhibits A and B and Plaintiff's Request for Judicial Notice, Exhibit 1.

### A. Plaintiff Alleges in the Complaint that it is the Owner of the Trademark.

Defendant's motion claims, without basis, that plaintiff has not alleged that it is the owner of the trademark. Plaintiff, however, plainly alleges in the complaint:

> 8. Plaintiff is, by assignment, the owner of the trademark and designation PINKBLUSH used in conjunction with maternity and women's clothing and online retail store goods and services.

(ECF No. 1, ¶ 8). Defendant's assertion that the complaint does not allege "how it came to own such alleged registrations" is simply false. The complaint plainly states that its ownership is by assignment. *Id.* Defendant simply misreads the complaint. Moreover, defendant introduces no facts or evidence that contradict plaintiff's factual allegation. Plaintiff is the owner of the trademark and registrations at issue and thus has standing.

### B. Plaintiff is Not Required to Allege Ownership of a Registration to Establish Trademark Ownership and Standing.

Defendant's attempt to challenge Plaintiff's allegation of ownership of the trademark is not only erroneous, but entirely moot. In trademark law, the standard test of ownership is priority of *use, not registration*. *See Sengoku Works Ltd. v. RMC Int'l Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) (emphasis added). Plaintiff's

allegations of use of the trademark establish ownership and standing. (ECF No. 1, ¶9.) Defendant's claim that a trademark registration is a requirement for ownership of trademark rights is simply false. *Sengoku Works*, *supra*, and 15 U.S.C. § 1125(a).

### C. Plaintiff Has Additionally Established Ownership and Standing by Alleging Priority of Use.

As set forth in *Sengoku*, a plaintiff may allege ownership of a trademark by alleging priority of use. *Sengoku*, 96 F.3d at 1219 (9th Cir. 1996). Plaintiff alleges use of the trademark extensively in the complaint, including in Paragraphs 8, 9, 10, 11 & 12. For example, plaintiff alleges in Paragraph 9 of the Complaint:

> 9. Plaintiff has promoted and sold Plaintiff's Goods and Services with the trademark, trade name and designation PINKBLUSH. Plaintiff first used its PINKBLUSH trademark in interstate commerce on and in connection with plaintiff's goods and services at least as early as April 1, 2012 and has used plaintiff's PINKBLUSH trademark on and in connection with Plaintiff's Goods and Services continuously since its first use.

(ECF No. 1, ¶ 9).

Plaintiff's complaint extensively alleges trademark ownership and standing based on use. Moreover, Plaintiff's allegations are presumed true for the purposes of a 12(b)(6) motion to dismiss. Thus, Defendant's contentions that Plaintiff has not alleged ownership and standing are simply false.

### A. Plaintiff is the Assignee of Record and is Entitled to the Same Presumption of Ownership as the Original Registrant Under 15 U.S.C. § 1115(a).

The 9th Circuit recognizes that a recorded assignee of a trademark registration is entitled to the same presumption under 15 U.S.C. § 1115(a) as the original registrant.  *See* 9th Circuit Jury Jurisdiction §15.8: Infringement—Elements—Presumed Validity and Ownership—Registered Trademark ("If the plaintiff is not the registrant of the mark, but a successor to the registrant, this instruction should be modified, to explain the plaintiff's claim of ownership of the mark, e.g., through assignment, exclusive license, etc.").  Plaintiff's recordation of a trademark assignment, and the USPTO's acceptance thereof, confers the same presumption of ownership as the registrant of a trademark.  Defendant's statement that the trademark registrations list another registrant is therefore irrelevant.  *See* ECF No. 1, Exhibits A and B and Plaintiff's Request for Judicial Notice, Exhibit 1.

Defendant's motion erroneously states that plaintiff has not alleged trademark ownership and standing.  Conversely, Plaintiff has explicitly alleged ownership of the PINK BLUSH trademark, alleged ownership of the trademark registrations, alleged ownership based on trademark use and has established that the ownership claims are entitled to a presumption of validity under 15 U.S.C. § 1115(a).  Defendant's motion should therefore be dismissed in its entirety.

### IV.  ANY POSSIBLE INSUFFICIENCY MAY BE CURED BY AMENDMENT.

"[A] party may amend the party's pleading … by leave of court … and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  The Ninth Circuit and district courts apply the policy of Rule 15(a) with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir 1990) (*citing DCD Programs, Ltd v Leighton*, 833 F2d 183, 186 (9th Cir 1987)).  Although defendant has not identified an actual defect in the complaint, plaintiff should be granted leave to amend in the event any claim is deemed insufficient.

## V. DEFENDANT'S MOTION IS UNTIMELY AND VIOLATES LOCAL RULES.

After refusing to waive service and frustrating service for six months and forcing plaintiff to obtain an Order authorizing alternative service, defendant's counsel requested from plaintiff a 30-day extension of time to respond to the complaint. Rather than using this time to discuss the complaint with plaintiff's counsel, defendant improperly proceeded to file its first motion to dismiss in violation of L.R. 7-3 and L.R. 7.1-1 (*See* ECF No. 17). Defendant's motion was subsequently stricken by the Court, which set a response deadline of February 18, 2021 for defendant under Fed.R.Civ.P. 12(a)(4). (ECF No. 18). Defendant's counsel ignored this deadline and refused to confirm when defendant intended to respond to the complaint until it filed this second motion to dismiss on March 1, 2021.

It should further be noted that Defendant's current dilatory motion still violates the Local Rules. Namely, L.R. 52-4.1 requires a proposed order to be filed with the motion, and defendant has failed to do so. Defendant's motion is untimely under Fed.R.Civ.P. 12(a)(4) and again fails to comply with the Local Rules. As such, the Court should deny Defendant's motion to dismiss in its entirety.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## VI. CONCLUSION

For the foregoing reasons, Plaintiff has established its standing and that the complaint properly alleges each of its causes of action. Plaintiff therefore respectfully requests Defendant's motion to dismiss be denied in its entirety. Alternatively, Plaintiff respectfully requests leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a).

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Date: March 19, 2021

　　　/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
Scott and Addison, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing document with the Court's CM/ECF system, which will provide notice of the same to the following:

Michael A. Long, Esq. (SBN: 266555)
Law Office of Michael A. Long
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
Telephone: (310) 625-3395
Facsimile: (213) 915-3133
Email: mlong@aexius.com

Dated: March 19, 2021

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com