Michael A. Long, Esq. (SBN: 266555)
Law Office of Michael A. Long
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
T: (310) 625-3395  F: (213) 915-3133
E: mlong@aexius.com
Attorney for Defendant,
PINKBLUSH.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>　　　　　　　　Defendants. | CIVIL CASE NO.  8:20-cv-1160-SB-DFMx<br><br>**REPLY OF DEFENDANT PINKBLUSH.COM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6); REPLY DECLARATION OF MICHAEL A. LONG**<br><br>Date: April 9, 2021<br>Time: 8:30 am<br>Judge: Hon. Stanley Blumenfeld Jr.<br>Courtroom: 6C<br><br>Action filed: June 3, 2020 |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................3

II.  LEGAL STANDARD – TRADEMARK INFRINGEMENT CLAIMS, WHETHER STATE OR FEDERAL, COMMON LAW OR STATUTORY -- ARE TREATED TOGETHER ..................................................................................4

III. LEGAL STANDARD - UNRELATED GOODS INSUFFICIENTLY ALLEGED REQUIRE DISMISSAL ........................................................................................4

IV.  PLAINTIFF STILL LACKS STANDING TO CHALLENGE AND AN AMENDMENT FAILS TO ADDRESS ALL INSUFFICIENTLY ALLEGED ELEMENTS ..........................................................................................................5

   A.   Insufficient Facts Exist To Allege Likelihood Of Confusion, Warranting Dismissal Of The Complaint In Its Entirety ................................................................ 5

   B.   Plaintiff Requested Injunctive Relief Yet It Concedes The Preliminary Injunction Standard Does Not Apply ............................................................................ 6

   C.   The Court Expressly Permitted Re-Filing Without Prejudice And Thus The Motion Is Not Untimely……………………………………………………………..6

   D.  Assignments Are Extrinsic To The Complaint And Fail To Address Insufficiently Pled Likelihood of Confusion Element Fatal To Plaintiff's Lanham Act Claims……………………………………………………………………………..6

   E.  There Is No Amended Complaint Proposed By S&A Because It Will Fail To Address The Deficiencies Of The Complaint, And The Same Issues Concerning Insufficiency Of Allegations To Show Likelihood Of Confusion As To The Source Of The Goods ……………………………………………………………………………..7

   F.  The Extrinsic "Assignment" Is Void as More Than Three Months After Alleged Transfer An Uncertified Record, A Strawman Transaction Wherein The Parties Have Exactly The Same Address For Service "75 Doppler, Suite 200, Irvine, CA 92618"……………………………………………………………………………..8

G. Plaintiff Has No Response To *Kythera Bioharmaceuticals* And Therefore Concedes That Its Claims Are Treated Together ……………………………………...9

V.     CONCLUSION..........................................................................................9

## TABLE OF AUTHORITIES

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014)……………………………………………………………………………..3

*U.S. v. Able Time, Inc.*, 545 F.3d 824, 835 (9th Cir. 2008)………………………………4

*Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994)…………………….…..4

*Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) ..4

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)…………………4

*Nw. Univ. v. King Cnty.*, No. 2:20-cv-01043-JLR-JRC, at *7 (W.D. Wash. Jan. 14, 2021)……………………………………………………………………………………..5

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979). ………………………5

*Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)……………………………….5

*Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676-77 (9th Cir. 2005)………………..8

*Holz Ltd. v. Kasha*, No. C05-0244 BZ, at *3 n.2 (N.D. Cal. Dec. 2, 2005)……………..9

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The allegations in the Scott and Addison, LLC ("S&A")'s complaint are insufficient. Missing are any facts to allege a likelihood of confusion *as to the goods* for which there are claimed registrations for maternity wear and clothing. There are insufficient allegations because there is no likelihood of confusion to a relevant consumer in the market. Not a single instance of *consumer* confusion is alleged. The only factual evidence alleged by Plaintiff is a social media post by a non-consumer. The complaint lacks sufficient allegations and must be DISMISSED.

As for Plaintiff's request to amend the complaint, that request should also be DENIED because Plaintiff's proposed amendment as to standing, namely, that the registration was allegedly assigned (which is highly suspect as fabricated) cannot address the lack of harm to Plaintiff that requires dismissal of the case.

Nothing is offered by Plaintiff warranting the court to grant any leave to amend its insufficiently pled essential elements. Specifically, the Complaint fails to allege facts showing that a likelihood of confusion as to the source of the goods. Plaintiff's conclusory allegations are so boilerplate that it cannot possibly sustain its claims for trademark infringement under the Lanham Act. Nothing in Plaintiff's opposition addresses the Court's authority to treat these claims together as they are "substantially congruent" under *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014)

S&A also fails to allege it is in fact the senior user and has no facts to show senior use relative to the first date of use of Defendant Pinkblush.com for any goods sold by Pinkblush.com.

S&A's lawsuit is misplaced. S&A confuses website usage with trademark infringement. A trademark is only a limited right "in connection with which the mark is employed," not a "right in gross or at large." *U.S. v. Able Time, Inc.*, 545 F.3d 824, 835 (9th Cir. 2008) There is no infringement, and the complaint should be dismissed as Plaintiff's claims lack merit.

## II. LEGAL STANDARD – TRADEMARK INFRINGEMENT CLAIMS, WHETHER STATE OR FEDERAL, COMMON LAW OR STATUTORY -- ARE TREATED TOGETHER

The Ninth Circuit "has consistently held that state common law claims of unfair competition ... are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994) "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) Plaintiff's complaint, and each of its claims, are within the scope of *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014), including state claims for unfair competition and common law trademark infringement which are deemed substantially congruent. "This Court analyzes these claims together for the purposes of this Motion. '[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition…' "

## III. LEGAL STANDARD - INSUFFICIENTLY PLED LEGAL THEORIES ARE PROPERLY DISMISSED

A court may dismiss a complaint as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Only "well-pleaded factual allegations"

will permit a court to assume the veracity of factual allegations. *Nw. Univ. v. King Cnty.*, No. 2:20-cv-01043-JLR-JRC, at *7 (W.D. Wash. Jan. 14, 2021)

"When the goods produced by the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar that confusion can be expected. When the goods are related, but not competitive, several other factors are added to the calculus. If the goods are unrelated, there can be no infringement because confusion is unlikely." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979).

## IV.  PLAINTIFF STILL LACKS STANDING TO CHALLENGE AND AN AMENDMENT FAILS TO ADDRESS ALL INSUFFICIENTLY ALLEGED ELEMENTS

### A.  Insufficient Facts Exist To Allege Likelihood Of Confusion, Warranting Dismissal Of The Complaint In Its Entirety

S&A does not even bother to attempt to show what facts are sufficient to show a likelihood of confusion, which concedes their position entirely. S&A is not entitled to leave to amend because it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)."

Here, S&A's opposition utterly fails to address insufficiency to show any likelihood of confusion as to the source of the goods; and their complaint cannot be amended to address this because insufficient facts exist to show any likelihood of confusion; therefore, amendments cannot cure the complaint's deficiencies. Therefore, the motion to dismiss should be GRANTED *without* leave to amend. *Lucas v. Dep't of Corr.*

///
///
///

### B. Plaintiff Requested Injunctive Relief Yet It Concedes The Preliminary Injunction Standard Does Not Apply

Plaintiff's reference to the preliminary injunction standard is a red herring. It is telling that the Plaintiff is not seeking any preliminary injunction or TRO (DN 1, ("Complaint") ¶ 23) Perhaps Plaintiff believes it is entitled to declaratory relief, but is not seeking injunctive relief until after a judgment is rendered. Id. at 9. The Complaint fails to allege facts constituting what irreparable harm exists under the normal injunctive relief standard. Plaintiff sought neither a TRO nor a preliminary injunction because its claim is baseless and unsupported by facts warranting such relief.

### C. The Court Expressly Permitted Re-Filing Without Prejudice And Thus The Motion Is Not Untimely

On February 4, 2021, the Court recognized the original motion to dismiss filed by Defendant Pinkblush.com striking the motion without prejudice and allowing re-filing. (**DN 18**; Reply Decl. of Long, ¶ 3, **Exhibit A**.)  The required proposed order was also filed and acknowledged by the Court. (*Id.* ¶ 4, **Exhibit B**.)

### D. Assignments Are Extrinsic To The Complaint And Fail To Address Insufficiently Pled Likelihood of Confusion Element Fatal To Plaintiff's Lanham Act Claims

S&A cites to information outside the record in an attempt to claim that there is basis to claim ownership in order to obtain standing to enforce trademark registrations that are listed in the name of "Brad and Zoe, Inc." not S&A. The alleged assignments are not in the complaint and no proposed amendment was made or filed by S&A.

The extrinsic documents in S&A's opposing request for judicial notice are purported unofficial assignments of trademark registrations are clearly outside the four corners of the complaint, which they should have done from the start and they ask to amend which should be denied because they didn't do this in the first place. The

complaint is clearly insufficient to show standing as to the asserted trademarks, which are asserted on the basis of the registrations.

### E. There Is No Amended Complaint Proposed By S&A Because It Will Fail To Address The Deficiencies Of The Complaint, And The Same Issues Concerning Insufficiency Of Allegations To Show Likelihood Of Confusion As To The Source Of The Goods

The absence of any amended complaint by S&A indicates that S&A's counsel is well aware that an amended complaint will not moot the instant motion. That is why S&A has not bothered to file an amended complaint, which would have otherwise attempted to moot the instant motion. This is because S&A knows that its facts concerning likelihood of confusion are still going to be insufficient and fail to show facts sufficient to provide notice of what alleged confusion as to the source of any maternity wear goods or other clothing goods exists. There is no allegation of any such confusion. There is no allegation that could have stated that the goods sold by Defendant Pinkblush.com are clearly related because they cover the same relevant market of consumers--because that is not true. No allegations exist concerning the consumers for maternity wear which are not the same consumers for home decor.

S&A simply failed to allege any <u>facts</u> sufficient to establish that any likelihood of confusion exists as to the source of the goods for a reasonable consumer in the relevant market. No such allegations exist because there was no such confusion. There is no allegation of any consumer confusion.

There is no allegation explaining *how* any of Defendant Pinkblush.com's use is somehow infringing. The complaint is without merit and should be dismissed.

Plaintiff's complaint is premised on website and a third-party social post, neither of which constitute confusion concerning the sale of any prohibited goods. There is no allegation sufficient to show a likelihood of confusion as to sale of any prohibited goods.

"A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product as his. (citations)" *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676-77 (9th Cir. 2005)

Trademarks are applied to goods, and do not function in the abstract. A trademark is not a "right in gross." See 4 MCCARTHY § 24:11. This principle holds that a registered trademark can be used by someone other than its owner so long as the use does not confuse the public, because ***trademarks are tied to their use on products and do not exist in the abstract***. *U.S. v. Able Time, Inc.*, 545 F.3d 824, 835 (9th Cir. 2008) Accordingly, the complaint is still insufficiently pled to establish a likelihood of confusion as to the source *of the goods* as to a reasonable consumer. Nothing in the complaint alleges that any goodwill for clothing is damaged in any way whatsoever. The lawsuit is a sham litigation being used to shake down legitimate use by defendant of its website.

### F. The Extrinsic "Assignment" Is Void as More Than Three Months After Alleged Transfer An Uncertified Record, A Strawman Transaction Wherein The Parties Have Exactly The Same Address For Service "75 Doppler, Suite 200, Irvine, CA 92618"

The assignment is uncertified and are not proper subjects for judicial notice. The Court should deny judicial notice of the assignment as it does not automatically confer standing on the Plaintiff. First, the presumption of ownership of registration is not remedied by the untimely and self-serving unofficial assignment. The addresses are the same because the entities are not independent of one another.[1]  Plaintiff's attempt to

---

[1] The purported assignment dated January 1, 2019 was not recorded until May 16, 2019 – **more than five (5) months** after the date of assignment, consistent with backdating and a fraudulent transaction or otherwise void as untimely recorded.

manufacture standing is a sham. The assignment is a Strawman transaction and void as against public policy.[2] See, *Holz Ltd. v. Kasha.*

### G. Plaintiff Has No Response To *Kythera Bioharmaceuticals* And Therefore Concedes That Its Claims Are Treated Together

S&A has no response to *Kythera* cited in the moving papers; and thus S&A's trademark claims are properly decided together, including common law and statutory and common law claims as analogous with its Lanham Act claims. Plaintiff's six claims are properly treated together: (1) statutory trademark infringement; (2) statutory false designation of origin under the Lanham Act (Second Claim); (3) statutory unfair competition; (4) state statutory unfair competition; (5) state common law trademark infringement; and (6) state common law for unfair competition. *Kythera* permits the Court to treat these together for purposes of this motion, including all state and common law claims. The keys to dismissal are the lack of facts concerning the registrations to assert standing, and the insufficient facts to allege a likelihood of confusion to a reasonable consumer in identifying the source <u>as applied to the goods</u> alleged to be infringing.

## V. CONCLUSION

Based on the foregoing, the opposition fails to overcome the fatal deficiencies of the complaint. As an amendment would be futile to remedy insufficient facts to allege

---

[2] "An assignment . . . shall be void as against any subsequent purchaser . . . for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage." *Holz Ltd. v. Kasha*, No. C05-0244 BZ, at *3 n.2 (N.D. Cal. Dec. 2, 2005); see also, *In re Cybernetic Services, Inc.*, 239 B.R. 917 (B.A.P. 9th Cir. 1999)

likely confusion as to the source for the goods, the motion should be GRANTED and the complaint DISMISSED with prejudice without leave to amend.

|  |  |
|---|---|
| DATED: March 25, 2021 | Respectfully submitted,<br>LAW OFFICE OF MICHAEL A. LONG<br><br>*/s/ Michael A. Long*<br>Michael A. Long, Esq.<br>Attorneys for Defendant,<br>PINKBLUSH.COM |

# REPLY DECLARATION OF MICHAEL A. LONG

I, Michael A. Long, declare:

1. I am counsel of record for Defendant, Pinkblush.com in the above captioned matter. The facts stated herein are within my personal knowledge.

2. I make this declaration in support of Defendant Pinkblush.com's reply re: motion to dismiss for failure to state a claim under FRCP Rule 12(b)(6).

3. On February 4, 2021, the Court recognized the original motion to dismiss filed by Defendant Pinkblush.com striking the motion *without prejudice* and expressly allowing re-filing. Attached hereto as **Exhibit A** is a true and correct copy of the court's order corresponding to Docket Number 18.

4. I filed the required proposed order and the proposed order was acknowledged by the Court on March 1, 2021. S&A incorrectly claims in its opposition that a proposed order was not filed. Attached hereto as **Exhibit B** is a true and correct copy of the court's March 1, 2021 email acknowledgment of the filed proposed order I received from the Court.

I declare the foregoing to be true and correct subject to penalty of perjury under the laws of the United States.

Dated: March 25, 2021      */s/ Michael A. Long*
                                          Michael A. Long, Declarant

# EXHIBIT A

**Michael Long**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, February 4, 2021 8:34 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 8:20-cv-01160-SB-DFM Scott and Addison, LLC v. Pinkblush.com Order on Motion to Dismiss |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 2/4/2021 at 8:34 AM PST and filed on 2/3/2021

| | |
|---|---|
| **Case Name:** | Scott and Addison, LLC v. Pinkblush.com |
| **Case Number:** | 8:20-cv-01160-SB-DFM |
| **Filer:** | |
| **Document Number:** | 18 |

**Docket Text:**
**MINUTES (IN CHAMBERS) by Judge Stanley Blumenfeld, Jr.: The Court strikes the MOTION to Dismiss Complaint UNDER FRCP 12(B)(6) filed by Defendant Pinkblush.com [16], without prejudice to refiling upon correction of the deficiencies, [17]. Court Reporter: N/A. (gk)**

**8:20-cv-01160-SB-DFM Notice has been electronically mailed to:**

Ben T Lila    ggray@mandourlaw.com, docketing@mandourlaw.com, jmandour@mandourlaw.com, blila@mandourlaw.com

Michael A Long    mlong@aexius.com

Joseph A Mandour    ggray@mandourlaw.com, docketing@mandourlaw.com, jmandour@mandourlaw.com, blila@mandourlaw.com

**8:20-cv-01160-SB-DFM Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

# EXHIBIT B

**Michael Long**

| | |
|---|---|
| **From:** | ProposedOrder_DoNotReply@cacd.uscourts.gov |
| **Sent:** | Monday, March 1, 2021 3:29 PM |
| **To:** | mlong@aexius.com |
| **Subject:** | Proposed Orders (Confirmation): 8:20-cv-1160-SB-DFMx |
| **Attachments:** | 210301 Motion to Dismiss w Decl of Long.pdf; 210301 Proposed Order on Mot to Dismiss.docx |

Thank you for submitting Proposed Order documents for Case: 8:20-cv-1160-SB-DFMx

Files you attached:

    210301 Motion to Dismiss w Decl of Long.pdf

    210301 Proposed Order on Mot to Dismiss.docx

United States District Court, Central District of California.

**Certificate of Service**

I certify that on the date undersigned, I filed the foregoing document with the Court's CM/ECF system, which will provide notice of the same to the following:

Joseph A. Mandour, III (SBN 188896)
Ben T. Lilia (SBN 246808)
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Tel.: (858) 487-9300
E-mail: jmandour@mandourlaw.com, blila@mandourlaw.com
*Attorneys for Plaintiff, Scott and Addison, LLC*

Executed on **March 25, 2021**, at Los Angeles, California.

*/s/ Luke Ehrlichman*
Luke Ehrlichman