MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300

Attorneys for Plaintiff,
Scott and Addison, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>Defendant. | Case No. 8:20-cv-01160-SB-DFM<br><br>**PLAINTIFF SCOTT AND ADDISON, LLC'S NOTICE OF MOTION AND MOTION FOR SERVICE COSTS PURSUANT TO Fed.R.Civ.P. 4(d)(2); MEMORANDUM IN SUPPORT THEREOF**<br><br>Original Complaint Filed: June 30, 2020<br>Answer Filed: April 20, 2021<br><br>Judge: Hon. Stanley Blumenfeld, Jr.<br><br>**Hearing:**<br>Date: June 4, 20201<br>Time: 8:30 am<br>Courtroom: 6C |

\\
\\
\\

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Friday, June 4, 2021 at 8:30 a.m. in Courtroom 6C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Scott and Addison, LLC ("S&A") will, and hereby does, move pursuant to Federal Rule of Civil Procedure, Rule 4(d)(2), for defendant be to be ordered to pay plaintiff's service costs.

This motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities, the Declaration of Ben T. Lila submitted herewith, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

This Motion is made following the conference of counsel pursuant to Civil L.R. 7-3 which took place on February 3, 2021, by telephone conference and subsequent email correspondence.

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Date: <u>April 30, 2021</u>

    /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
Scott and Addison, LLC

# MEMORANDUM OF POINT AND AUTHORITIES

## I.   INTRODUCTION

Defendant PinkBlush.com delayed the present action for approximately six months by seeking to frustrate service of process and, therefore, should be ordered to pay plaintiff's Scott and Addison, LLC's costs of service pursuant to Fed.R.Civ.P., Rule 4(d)(2).  The present action was filed on June 30, 2020 (ECF No. 1).  At that time, plaintiff's counsel was in communication with defendant's prior counsel regarding the dispute.  Despite this, defendant's prior counsel refused to waive service of process or to arrange for service of process in any way.  Defendant's prior counsel further obscured the identity of defendant preventing plaintiff from discovering defendant's legal entity, address, and agent for service of process.

On July 14, 2020, plaintiff's counsel provided defendant's prior counsel a request for Waiver of Service pursuant to Fed.R.Civ.P. 4.  Defendant's prior counsel acknowledged receipt but refused to return the waiver or provide any further information regarding defendant's identity.

Defendant's delay forced plaintiff to seek a Motion for Alternative Service to effectuate service (*see* ECF No. 10 & 13).  Indeed, only after filing two failed Motions to Dismiss did Defendant finally identify itself as a Delaware limited liability company (ECF No. 20).  Plaintiff incurred attorneys' fees of $1,265.05 in preparing the Motion for Alternative Service and $1,060.25 in preparing this Motion.

Fed.R.Civ.P., Rule 4(d)(2) provides that a defendant must pay the costs of service, and for a motion to recover such costs, if it refuses a waiver of service of process.  As such, the Court should enter an order requiring defendant to pay plaintiff's costs for these items.

II. **DEFENDANT MUST PAY PLAINTIFF'S COSTS FOR SERVICE OF PROCESS PURSUANT TO Fed.R.Civ.P., RULE 4(d)(2)**.

Defendants have an obligation to reasonably cooperate with effectuating service of process. As such, Fed.R.Civ.P. Rule 4(d)(2) provides:

**Waiving Service.**
If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant:
(A) the expenses later incurred in making service; and
(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. (emphasis added).

Defendant is a Delaware corporation and, thus, located in the U.S. (ECF No. 20). Defendant did not have good cause to decline to return the waiver because defendant's sole intention was to avoid and frustrate service of process. *See generally*, Plaintiff's Motion for Alternative Service. (ECF No. 10). Moreover, defendant prevented any progress in this case by waiting until January 29, 2021 to appear in the case despite the Complaint being filed on June 30, 2020, more than six months prior.

Courts have recognized that attorneys' fees are recoverable under Fed.R.Civ.P., Rule 4(d), including for motions for alternative service. *See Sociedad de Produccion Rural de Responsabilidad Limitada Huehuetan v. Golden Fruit Company LLC*, 2016 WL 3548770, *4 (D. Az 2016) and *Relyea v. Quilite International,* 2009 WL 756215, *2-24 (D. Or. 2009). Thus, plaintiff's motion should be granted in its entirety.

\\
\\
\\

1  **III.   CONCLUSION**

2       For the foregoing reasons, plaintiff respectfully request the Court enter an
3  order requiring defendant to pay plaintiff's service costs of $2,325.30 within
4  fourteen (14) days.

                                    Respectfully submitted,

                                    **MANDOUR & ASSOCIATES, APC**

Date: <u>April 30, 2021</u>

                                    <u>      /s/ Ben T. Lila                                </u>
                                    Ben T. Lila (SBN 246808)
                                    Email: blila@mandourlaw.com
                                    Attorneys for Plaintiff,
                                    Scott and Addison, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document with the Court's CM/ECF system, which will provide electronic notice to the following:

    Michael A. Long, Esq. (SBN: 266555)
    Law Office of Michael A. Long
    1920 Hillhurst Avenue, #1139
    Los Angeles, CA 90027
    Telephone: (310) 625-3395
    Facsimile: (213) 915-3133
    Email: mlong@aexius.com

Dated: April 30, 2021

                        /s/ Ben T. Lila
                        Ben T. Lila (SBN 246808)
                        Email: blila@mandourlaw.com