1  Michael A. Long, Esq. (SBN: 266555)
2  Law Office of Michael A. Long
   1920 Hillhurst Avenue, #1139
3  Los Angeles, CA 90027
   T: (310) 625-3395  F: (213) 915-3133
4  E: mlong@aexius.com
5  *Attorney for Defendant,*
   *PINKBLUSH.COM*
6

7           **UNITED STATES DISTRICT COURT**

8           **CENTRAL DISTRICT OF CALIFORNIA**

9

10 | SCOTT AND ADDISON, LLC, | CIVIL CASE NO. **8:20-cv-1160-SB-DFMx** |
11 | a California limited liability company, | *Judge: Hon. Stanley Blumenfeld, Jr.* |
12 | Plaintiff, | |
13 | vs. | **OPPOSITION OF DEFENDANT PINKBLUSH.COM TO PLAINTIFF SCOTT AND ADDISON, LLC'S MOTION FOR SERVICE COSTS; OPPOSING MEMORANDUM RE: SAME; AND DECLARATION OF MEREDITH MONROE IN SUPPORT THEREOF** |
14 | PINKBLUSH.COM, an unknown entity, | |
15 | Defendant. | |
16 | | |
17 | | |
18 | | **Date: June 4, 2021** |
19 | | **Time: 8:30 am** |
20 | | **Courtroom: 6C** |
21 | | Complaint filed: June 30, 2020 |

22

23

24

25

26

27

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

<u>MEMORANDUM OF POINT AND AUTHORITIES</u>

<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE COSTS</u>

## I.   INTRODUCTION

Plaintiff seeks $2,325.30 as "costs of service."

In sum, the claimed "costs" are unwarranted because (1) Plaintiff fails to show good cause to shift costs to Defendant; and (2) FRCP Rule 4(d)'s technical requirements were not met. Therefore, the attempted waiver failed to trigger any obligation to pay costs.

As for Rule 4(d)'s technical requirements, Plaintiff failed to address an agent authorized by Defendant to receive service of process – an express requirement of Rule 4(d).

Plaintiff instead concludes that "defendant's prior counsel refused to waive service of process or to arrange for service of process in any way." The conclusion is unsupported and there is no requirement to "arrange for service of process" but rather to avoid unnecessary costs. Plaintiff itself incurred unnecessary costs by failing to follow the rules.

Former counsel for Defendant sending a letter simply does not equate to a designation by Defendant as an authorized agent to receive service of process for a lawsuit. Plaintiff improperly assumes that the request for waiver was compliant, without inquiring whether former counsel is authorized to receive service. Plaintiff simply assumed, incorrectly, that it was the case.

Therefore, the motion lacks merit as Rule 4 has not been complied with, and an award of costs would be improper.

Rule 4(d) requires a showing of lack of good cause to sign and return a waiver because the technical requirements of Rule 4(d) were not complied with. On the contrary, good cause to refuse exists because: (1) Defendant's former counsel was ***never authorized*** to receive service of process (Monroe Decl., ¶ 3); and (2) Defendant's current counsel

OPPOSITION TO MOTION FOR COSTS
CASE NO. **8:20-cv-1160-SB-DFMx**

1  cooperated promptly with the court's prior order permitting email service. No conduct by

2  Defendant warrants imposition of costs.

3      Plaintiff's motion lacks any explanation of the specific and technical requirements

4  of Rule 4(d), and thereby disregards the requirement to show good cause and the authority

5  to accept service of process. Instead, Plaintiff seeks to emphasize the claimed mandatory

6  nature of Rule 4 while disregarding each and every condition required to satisfy the Rule.

7      The motion should be DENIED for lack of merit.

8

9  Relevant Procedural Facts re: Timing of Events

10     Plaintiff's claim that "defendant prevented any progress in this case by waiting until

11 January 29, 2021 to appear in the case despite the Complaint being filed on June 30, 2020,

12 more than six months prior" – is materially misleading and ignores the actual timeline of

13 events.

14     For example, Plaintiff ignores that the Court's order granting email service was not

15 entered until December 10, 2020. (Dkt. No. 13) The Court's December 2020 order also

16 permitted Plaintiff to serve subpoenas on third parties to ascertain the identity of

17 Defendant, and there is an absence of any such subpoenas. (Id.) Plaintiff had the power to

18 subpoena information and chose not to. It failed to ascertain any individual officer or

19 authorized agent as required by Rule 4(d)(1)(A).

20     Moreover, the overall timing leading to January 29 is not improper in this context.

21     Notice of appearance was filed on December 31, 2020 (Dkt. No. 15); this occurred

22 21 days after the Court's email service order.  Yet Plaintiff incorrectly claims that an

23 appearance occurred on January 29, 2021 which is incorrect and mixes up the date of the

24 responsive pleading with the date of Attorney Long's appearance for Defendant.

25 Defendant's responsive pleading on January 29, 2021 was wholly appropriate and made

26 in good faith. In fact, the parties stipulated to extend time for Defendant's response to the

27

**OPPOSITION TO MOTION FOR COSTS**
CASE NO. **8:20-cv-1160-SB-DFMx**

1  complaint following the email service made on December 10, 2020. (Dkt. No. 14)

2  Attorney Long also filed a notice of appearance 21 days later, on December 31, 2020 –

3  not on January 29, 2021 as Plaintiff would have this Court believe. (Dkt. No. 15)[1]

4  Defendant's responsive pleading was filed in this case on January 29, 2021. (Dkt. No. 19)

5      No evidence is submitted in the moving papers to explain the basis of Plaintiff's

6  overreaching conclusions, or what inquiries Plaintiff's counsel made to determine to an

7  authorized agent for service of process. Given the absence of any third-party subpoenas

8  which was requested by the Plaintiff, it did not diligently seek to obtain the identity of an

9  officer to serve process.

10

11 **II.   LEGAL STANDARD – RULE 4(d) REQUIRES AN AGENT**
12 **      AUTHORIZED BY APPOINTMENT TO RECEIVE SERVICE OF**
**      PROCESS**

13     FRCP Rule 4(d)(1)(A) requires that a request for waiver of service of process must
14
15 be addressed to an agent authorized by appointment or by law to receive service of

16 process.

17 **III.  ARGUMENT**

18     **A.   Former Counsel For Defendant Was Not An "Agent Authorized By**
19 **          Appointment To Receive Service Of Process" Under Rule 4(d);**
20 **          Therefore, The Attempted Waiver Was Ineffective And Does Not**
**          Trigger Costs**

21     Former counsel for defendant was not an "agent authorized by appointment to
22
23 receive service of process" under FRCP Rule 4(d)(1)(A). Therefore, the attempted

24 waiver was ineffective and does not trigger costs.

25

26 [1] Defendant did not challenge the email service made pursuant to this Court's December
27 10, 2020 order. There is no bad faith on the part of Defendant.

**B.    Plaintiff's Alleged Costs Exclude Allowable Process Server Costs; Thus, No Costs Should Be Awarded**

Email service is negligible, and the attorney fees as not properly calculated as "costs" as Plaintiff bears its own attorneys' fees. At best, the time spent on email service could be 10 minutes (0.2 billing increment) to attach an email with complaint, enter the recipient's email, and send. No process server costs were included, which would have been negligible. Plaintiff's fee appears to be indeterminate, though a calculation of the first item claimed is $272.05 per hour, presumably a hybrid rate.[2] The Lila Declaration fails to state what rate Mr. Lila charges, or what tasks were performed. Seeking $2,325.30 for service by email is excessive and unnecessary. The motion should be DENIED; no costs awarded.

**C.    *In The Alternative*, Only Post-Service Costs Can Be Awarded; But Such Costs Would Be Service Of Process Which Is Absent From Mr. Lila's Fee Declaration**

Plaintiff admits to only 2.95 hours resulting in "$1,060.25 in attorneys' fees for preparation and filing of the present Motion for Service Costs." (Lila Decl., ¶ 2) FRCP 4(d) only permits post-service costs, not all costs. As explained further below, such costs are not reasonable in this instance and are unnecessary.

Yet Defendant's current counsel, Attorney Michael A. Long, fully cooperated with the court's order permitting service via email and did not seek to evade service of process. Nothing in Plaintiff's motion points to any attempt to evade service by current counsel for Defendant, and former counsel for Defendant was not an agent authorized to receive service of process.

---

[2] $1,265.05 divided by 4.65 hours provides an hourly rate of $272.05.

-4-                    OPPOSITION TO MOTION FOR COSTS
CASE NO. **8:20-cv-1160-SB-DFMx**

**D.      The Motion Is Deficient For Lack Of Showing Of What Attorneys' Fees Were Incurred**

Mr. Lila's fee declaration is insufficient for purposes of fees. The Lila Declaration fails to state the date, task, attorney, rate, and amount incurred for each fee item sought. Mr. Lila's declaration also lacks any explanation of whether fees are reasonable or whether each task was necessary. The present motion was not necessary in completing service and should not be awarded as a cost.

The Lila Declaration states, "Plaintiff has incurred 4.65 hours of attorney time totaling $1,265.05 in attorneys' fees for preparation and filing of the Motion for Alternative Service filed in the Action." (Lila Decl., ¶ 3) The motion for alternative service was pre-service and is not permitted under Rule 4(d) which only authorizes costs after service is made to collect the costs. FRCP 4(d)(2)(A) & (B).

Lila continues, "Plaintiff has further incurred 2.95 hours of attorney time totaling $1,060.25 in attorneys' fees for preparation and filing of the present Motion for Service Costs." (*Id.*, ¶ 2)  While that claim is post-service, the claimed cost is improper because it is not a cost of service as characterized by Mr. Lila. The Lila Declaration states that the "total for *service of process* and filing this Motion is $2,325.30." (*Id.*, ¶ 3)  Mr. Lila's declaration states nothing about *service of process*, only attorney time. The cost of email service is negligible or nil.

## IV.      CONCLUSION

Based on the foregoing, the motion should be DENIED as lacking any merit. Costs are unwarranted because Plaintiff fails to show good cause to impose costs to shift the burden to Defendant; and Plaintiff failed to obtain a proper waiver because it has not shown that the attorney contacted was ever authorized as an agent to receive service of process. An attorney sending a letter does not equate to authority to receive service of process for a lawsuit. Plaintiff bears the costs of service.

OPPOSITION TO MOTION FOR COSTS
CASE NO. **8:20-cv-1160-SB-DFMx**

1

2   Dated: May 14, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully Submitted,

LAW OFFICE OF MICHAEL A. LONG

*/s/ Michael A. Long*
Michael A. Long, Esq.
*Attorney for Defendant,*
*PINKBLUSH.COM*

**OPPOSITION TO MOTION FOR COSTS**
CASE NO. **8:20-cv-1160-SB-DFMx**

1

**DECLARATION OF MEREDITH MONROE**

2     I, Meredith Monroe, declare:

3     1.     I am the President of Go Frolic, LLC, the operator of the website at issue in

4 the above-captioned matter as Defendant Pinkblush.com. I have personal knowledge of

5 the facts stated herein. If called to testify I would and could testify competently thereto.

6     2.     I make this declaration in opposition to Plaintiff Scott and Addison, LLC's

7 Motion for Service Costs.

8     3.     I never designated prior counsel as an authorized agent to receive service of

9 process at any time.

10     4.     I understand that Plaintiff has not complied with Rule 4(d)'s requirement to

11 address an authorized agent designated to receive service of process.

12     I declare the foregoing to be true and correct under penalty of perjury under the

13 laws of the state of California.

14     Dated: May 14, 2021     */s/ Meredith Monroe*
    Meredith Monroe, Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

-7-

**OPPOSITION TO MOTION FOR COSTS**
CASE NO. **8:20-cv-1160-SB-DFMx**

1

**<u>Certificate of Service</u>**

2

I certify that on the date undersigned, I filed the foregoing document with the

3

Court's CM/ECF system, which will provide notice of the same to the following:

4

Joseph A. Mandour, III (SBN 188896)

5

Ben T. Lilia (SBN 246808)
MANDOUR & ASSOCIATES, APC

6

8605 Santa Monica Blvd., Suite 1500

7

Los Angeles, CA 90069
Tel.: (858) 487-9300

8

E-mail: jmandour@mandourlaw.com, blila@mandourlaw.com
*Attorneys for Plaintiff, Scott and Addison, LLC*

9

10

Executed on **May 14, 2021**, at Los Angeles, California.

11

*/s/ Luke Ehrlichman*

12

Luke Ehrlichman

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**OPPOSITION TO MOTION FOR COSTS**
CASE NO. **8:20-cv-1160-SB-DFMx**