MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Plaintiff,
Scott and Addison, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT AND ADDISON, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PINKBLUSH.COM, an unknown entity,<br><br>Defendant. | **Case No. 8:20-cv-01160-SB-DFM**<br><br>**PLAINTIFF SCOTT AND ADDISON, LLC'S REPLY IN SUPPORT OF MOTION FOR SERVICE COSTS PURSUANT TO Fed.R.Civ.P. 4(d)(2)**<br><br>Original Complaint Filed: June 30, 2020<br>Answer Filed: April 20, 2021<br><br>Judge: Hon. Stanley Blumenfeld, Jr.<br><br>**Hearing:**<br>Date: June 4, 2021<br>Time: 8:30 am<br>Courtroom: 6C |

\\
\\
\\

Pursuant to L.R. 7-10, plaintiff Scott and Addison, LLC hereby replies to defendant PinkBlush.com's Opposition to Plaintiff's Motion for Service Costs Pursuant to Fed.R.Civ.P. 4(d)(2) as follows:

### I. DEFENDANT DOES NOT DENY AN INTENT TO FRUSTRATE SERVICE AND SEEK DELAY.

Fed.R.Civ.P., Rule 4(d) provides that a Request for Waiver of Service may be addressed to a defendant. In its Opposition to Plaintiff's Motion for Service Costs, defendant submits a declaration that does not deny that it made no effort to cooperate in effectuating service. Instead, defendant merely declares, without any authority or evidentiary support, a single statement that the Request for Waiver of Service provided by plaintiff should have been served on a registered agent for service of process. Such a contention is simply nonsensical as Fed.R.Civ.P. 4(d)(1)(A)(i) states that a waiver can be addressed to a defendant. Indeed, the procedure for Requesting a Waiver of Service of Process applies to individuals and entities for which registered agents do not exist.

Defendant's erroneous opposition further constitutes bad faith in that defendant conspicuously made efforts to hide that it was even a registered corporate entity. Defendant referenced no physical address on its website or defendant's apparent entity, GoFrolic LLC. To date, defendant's website still exploits an anonymous domain name registration concealing any entity or address information. Indeed, defendant's current counsel, *as recently as four weeks ago,* was unwilling to confirm that GoFrolic, LLC and defendant PinkBlush.com are the "same entity".

Defendant further erroneously claims that delay was only six months instead of seven months because plaintiff granted defendant a 30-day extension on New Year's Eve, December 31, 2020. While plaintiff did grant such an extension as a courtesy given the holiday (ECF No. 31), extensions under L.R. 8-3 are

typically not considered "appearances" by a party because they still allow challenges to jurisdiction. Thus, defendant's effort to claim that the delay was exacerbated by plaintiff's courtesy is insincere at best.

Defendant provides no substantive facts or law in its opposition to explain why it refused to waive service. Defendant does not deny that it tried to evade service of process. Moreover, defendant's declaration and opposition only confirm that it validly received the Request for Waiver of Service from prior counsel. *See* Dkt. 28, p. 7, ¶3. The Request for Waiver of Service includes a clear statement explaining defendant's obligation to cooperate with service. Defendant and its prior counsel ignored the request solely because defendant wanted to force defendant to undertake further efforts to determine defendant's identity, which it had successfully concealed for months. As such, the Court should grant plaintiff's Motion for Service costs.

## II. DEFENDANT'S SERVICE COSTS WERE REASONABLE GIVEN PLAINTIFF'S EFFORTS TO EVADE AND FRUSTRATE SERVICE.

Defendant's Opposition concedes that defendant's attempts to frustrate service required plaintiff to file a motion for alternative service. Indeed, defendant further confirms filing a motion and obtaining an order for early discovery and serving a subpoena would be reasonable. Plaintiff's costs for filing two motions are entirely reasonable and necessitated by defendant's actions. Plaintiff did not include the cost of this reply brief and any hearing in its original motion. Thus, at the Court's request, plaintiff is willing to provide a further accounting of the total costs. Given defendant's sole contention is the erroneous belief that it could ignore the Request for Waiver of Service, the Court should grant plaintiff's motion in its entirety.

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully request the Court enter an order requiring defendant to pay plaintiff's service costs of $2,325.30 and any additional costs associated with the motion as further documented by plaintiff.

                            Respectfully submitted,

                            **MANDOUR & ASSOCIATES, APC**

Date: May 21, 2021

                            /s/ Ben T. Lila
                            Ben T. Lila (SBN 246808)
                            Email: blila@mandourlaw.com
                            Attorneys for Plaintiff,
                            Scott and Addison, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I emailed the foregoing document to the following:

Michael A. Long, Esq. (SBN: 266555)
Law Office of Michael A. Long
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
Telephone: (310) 625-3395
Facsimile: (213) 915-3133
Email: mlong@aexius.com

Dated: May 21, 2021

          /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com